Jack **WASSERMAN**, Appellant,

v.

**TIME, INC.**

No. 23267.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 12, 1970.

Decided March 3, 1970.

Certiorari Denied June 1, 1970.

See 90 S.Ct. 1844.

---

H. Pickering and Dennis M. Flannery, Washington, D. C., were on the brief, for appellee.

Before FAHY, Senior Circuit Judge, and WRIGHT and ROBINSON, Circuit Judges.

PER CURIAM:

On cross motions in appellant's action for libel in the District Court against appellee Time, Inc., the court granted summary judgment in favor of Time, and dismissed appellant's complaint. He appeals.

Time publishes a weekly magazine with national circulation. In its issue of October 7, 1966, it published a photograph of seven men sitting at a table in a restaurant in Queens, New York. One of the men was appellant a member of the bar of this court in active practice. Another was Frank Ragano, also an attorney. Accompanying the photograph was a brief article which referred to the occasion as a meeting even " 'bigger than Apalachin' of top Cosa Nostra hoodlums." The article also referred to the occasion as a delayed lunch which had been interrupted by the police because the District Attorney wanted the men before a grand jury on crime in Queens, that a judge had set bail at $100,000 each, that this had been met, and that the grand jury got only grunts.

Ragano sued Time for libel in the United States District Court for the Middle District of Florida.[1] In that case Time moved for summary judgment on the basis of the freedom of press protected by the First Amendment. Judge Krentzman denied the motion. He held that if the statement was understood as defamatory it was not protected by the ruling announced in New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), if the statement was false and made with actual malice, that is, with knowledge of its falsity or in reckless disregard of whether it was true or false. He held as to Mr. Ragano that under these criteria the publica-

Mr. Chester C. Shore, Washington, D. C., for appellant.

Mr. Harold R. Medina, Jr., New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Messrs. John

1. Ragano v. Time, Inc., 302 F.Supp. 1005 (M.D.Fla.1969), appeal docketed, 5th Cir. 1969.

tion was with actual malice. He accordingly denied Time's motion for summary judgment and held that it was for the jury to determine whether or not the article was in fact understood as defamatory.

We accept the position of Time, as Judge Krentzman did, that the standards of New York Times v. Sullivan, *supra*, are applicable even though appellant was not a public official, since he was engaged in a matter of public interest and concern.[2] However, as more fully appears in the opinion of Judge Krentzman, it is undisputed that Time knew that Wasserman, like Ragano, was an attorney for one or more of the men in the group referred to in the article and was not one of those called before the grand jury and released on $100,000 bail. Time's position is that by attending the delayed lunch meeting the attorneys were playing a part and were engaging in a demonstration defiant of the law, which justified Time in its editorial decision reached in good faith not to refer to appellant and Ragano as attorneys, but to place them in the same category as the others characterized in the article as we have set forth. Such a decision on the part of the editors of Time, however, would not preclude responsibility for any defamation known to be false or made with reckless disregard of the truth.

The judgment is reversed and the case is remanded for trial on the issues of actual malice, defamation and possible damages.

Reversed and remanded for further proceedings consistent with this opinion.

J. SKELLY WRIGHT, Circuit Judge (concurring):

I concur in the court's opinion. My attempt here is to set out what I conceive to be the proper procedure in handling the issue of actual malice in New York Times Co. v. Sullivan[1] cases.

In my judgment New York Times Co. v. Sullivan makes actual malice a constitutional issue to be decided in the first instance by the trial judge applying the *Times* test of actual knowledge or reckless disregard of the truth.[2] *Cf.* Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). Unless the court finds, on the basis of pretrial affidavits, depositions or other documentary evidence, that the plaintiff can prove actual malice in the *Times* sense, it should grant summary judgment for the defendant. Washington Post Co. v. Keogh, 125 U.S.App.D.C. 32, 365 F.2d 965, 20 A.L.R.3d 972 (1966), cert. denied, 385 U.S. 1011, 87 S.Ct. 708, 17 L.Ed.2d 548 (1967). Compare Goldwater v. Ginzburg, 2 Cir., 414 F.2d 324, 336–337 (1969), cert. denied, 396 U.S. 1049, 90 S.Ct. 701, 24 L.Ed.2d 695 (1970).

If the case survives the defendant's summary judgment motion, the trial court at the close of the plaintiff's case must decide whether actual malice has been shown with "convincing clarity."[3] In making this judgment the court will judge the credibility of the witnesses and draw its own inferences from the evidence. If the trial is permitted to proceed, the court will be called upon again to make a judgment on the actual malice issue at the close of all of the evidence. If the motion for a directed verdict at this stage of the trial is denied, the actual malice issue, along with the other issues, is then submitted to the jury under the *Times* instruction without any indication from the court or counsel that the court has decided that the evidence shows actual malice with "convincing clarity."

---

2. *See* cases cited in *Ragano, supra,* 302 F. Supp. at 1006–1007, n. 1.

1. 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).

2. *Compare* Rosenblatt v. Baer, 383 U.S. 75, 88, 86 S.Ct. 669, 677, 15 L.Ed.2d 597 (1966): "We remark only that, as

is the case with questions of privilege generally, [in a libel case] it is for the trial judge in the first instance to determine whether the proofs show respondent to be a 'public official.'"

3. New York Times Co. v. Sullivan, *supra* Note 1, 376 U.S. at 285–286, 84 S.Ct. 710.

This two-step procedure in which both the trial judge and the jury must find actual malice before there can be judgment for the plaintiff provides the protection of the First Amendment freedom that *Times* sought to make secure in areas of public concern. As the Court stated in Rosenblatt v. Baer in support of its requirement that the trial judge in the first instance determine whether the evidence shows the plaintiff in a libel suit to be a public official: "Such a course will both lessen the possibility that a jury will use the cloak of a general verdict to punish unpopular ideas or speakers, and assure an appellate court the record and findings required for review of constitutional decisions. Cf. Speiser v. Randall, 357 U.S. 513, 525 [78 S.Ct. 1332, 1341, 2 L.Ed.2d 1460]; *New York Times*, 376 U.S., at 285 [84 S.Ct. 710]." 383 U.S. at 88 n. 15, 86 S.Ct. at 677.

I am authorized to say that Judge SPOTTSWOOD W. ROBINSON, III, concurs in this opinion.

Fahy, Senior Circuit Judge, dissented in part.