**TIME, INC., Defendant-Appellant,**
**v.**
**Frank RAGANO, Plaintiff-Appellee.**
**No. 28490.**

United States Court of Appeals,
Fifth Circuit.

June 2, 1970.

Rehearing Denied and Rehearing En Banc Denied July 14, 1970.

Harold R. Medina, Jr., New York City, William S. Frates, Miami, Fla., for defendant-appellant.

Sinclair, Lewis & Huttoe, Paul A. Louis, Melvin A. Rubin, Miami, Fla., Raymond E. LaPorte, Tampa, Fla., Melvin M. Belli, San Francisco, Cal., for plaintiff-appellee.

Before GODBOLD, DYER and MORGAN, Circuit Judges.

DYER, Circuit Judge:

Time, Inc., the defendant in this libel suit, was granted leave to take this interlocutory appeal pursuant to 28 U.S.C.A. § 1292(b) from an order of the District Court denying its motion for summary judgment. We affirm and send the case back for trial.

The basis of the alleged defamation is an article and accompanying picture which appeared in the "People" section of the October 7, 1966, issue of *Time Magazine*. The picture showed seven men seated at a table in La Stella's Restaurant in Queens, New York. The article referred to the gathering as a meeting of thirteen "top Cosa Nostra hoodlums" and referred to three of the men shown in the picture by name, "plus ten other bigwigs." It further referred to the occasion as a "delayed lunch" which had previously been interrupted by police because the District Attorney wanted the men "to sing before a grand jury on crime in Queens" but "a judge set bail at $100,000 each," which was met.

Actually the lunch which was pictured took place one week after the original one (which had been broken up by police) during a break in the Grand Jury proceedings, and not later on the day of the arrests as the article might be read to imply. Two of the seven men pictured were attorneys who represent one or more of the alleged "hoodlums" with whom they were sitting. No mention was made in the article of the fact that they are attorneys. One of them, Jack Wasserman, instituted suit against Time, Inc., in the United States District Court for the District of Columbia, claiming that the article and picture defamed him because of the clear implication that he

was a top Cosa Nostra hoodlum.[1] Frank Ragano instituted suit against Time, Inc., in the court below, making essentially the same claim.[2]

■ Preliminarily we note our agreement with the District Court that even if plaintiff is not a "public figure,"[3] New York Times Co. v. Sullivan, 1964, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686, which requires that "actual malice" be shown is applicable because the article which is alleged to be defamatory concerned a matter of great public interest. Bon Air Hotel, Inc. v. Time, Inc., 5 Cir. 1970, 426 F.2d 858; Wasserman v. Time, Inc., D.C.Cir. 1970, 424 F.2d 920; Time, Inc. v. McLaney, 5 Cir. 1969, 406 F.2d 565, cert. denied, 395 U.S. 922, 89 S.Ct. 1776, 23 L.Ed.2d 239. A statement is made with actual malice if made "with knowledge that it was false or with reckless disregard of whether it was false or not." New York Times Co. v. Sullivan, *supra*, 376 U.S. at 280, 84 S.Ct. at 726.

As it did in the District of Columbia suit, Time, Inc., contends that even if the article is defamatory, there is nothing in the record from which it could be said that plaintiff can show malice with the convincing clarity required of him and, therefore, Time, Inc., is entitled to summary judgment.

We disagree. The record, which consists of affidavits, exhibits and depositions, shows that all of the *Time* staff knew that Ragano was an attorney from the "bio" files Time, Inc., had on him. The first draft of the article referred to the two lawyers as "mouthpieces." However, this indication that plaintiff was an attorney was deleted during the editorial process. Time, Inc., nevertheless contends that there was no malice on its part because Ragano participated in the second luncheon along with the others as a gesture of disdain for the law; since he participated with the others, *Time* was entitled to come to the good faith belief that he could "be journalistically considered a hoodlum."

■■ In view of the principle that all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion for summary judgment, e. g., United States v. Diebold, Inc., 1962, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed. 2d 176; Gross v. Southern Ry. Co., 5 Cir. 1969, 414 F.2d 292, and in light of the fact that all the Time, Inc., employees knew that Ragano was an attorney, we think that a genuine issue of material fact exists as to whether *Time's* conclusion that Ragano could journalistically be referred to as a top Cosa Nostra hoodlum was made in good faith or with malice. Therefore, summary judgment was properly denied. Fed.R.Civ.P. 56 (c).

■■ Plaintiff Ragano raises a point concerning an order quashing the taking of some depositions he wants to take before trial. However, the order Ragano complains of is not before this court. The order does not constitute an interlocutory injunction within 28 U.S.C.A. § 1292(a) because that subsection does not encompass protective orders entered under the discovery rules. International Products Corporation v. Charles A. Koons & Co., 2 Cir. 1963, 325 F.2d 403. Nor is the order before us under 28 U.S. C.A. § 1292(b). No application for interlocutory appeal of this order was made as required by that subsection, and the order of this court granting leave to take this interlocutory appeal therefore could not and did not encompass any such issue.

---

1. The District Judge in Washington granted Time, Inc.'s motion for summary judgment. The D.C. Circuit reversed and remanded the case for trial. Wasserman v. Time, Inc., D.C.Cir. 1970, 424 F.2d 920.

2. The District Court opinion is published at 302 F.Supp. 1005.

3. Curtis Publishing Co. v. Butts, 1967, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed. 2d 1094, made the *New York Times* rule applicable to public figures as well as to public officials.

The order denying Time, Inc.'s motion for summary judgment is affirmed, and the case is remanded for trial. We caution against attempting to glean from this decision any whisper of what the outcome should be, either on motions for directed verdict or on the final verdict.

Affirmed and remanded.