Toney THOMAS, Plaintiff-Appellant,

v.

FLORIDA POWER AND LIGHT COMPANY, Defendant-Appellee.

No. 84–5643.

United States Court of Appeals, Eleventh Circuit.

July 1, 1985.

Michael R. Masinter, Nova University Center for the Study of Law, Ft. Lauderdale, Fla., for plaintiff-appellant.

James S. Bramnick, Muller, Mintz, Kornreich, Caldwell, Casey, Crosland & Bramnick, P.A., Miami, Fla., for defendant-appellee.

William S. Franklin, McGuiness & Williams, Washington, D.C., amicus curiae for Equal Employment Advisor Council.

Richard M. Davis, Tallahassee, Fla., amicus curiae for Associated Industries of Florida, Inc.

Before RONEY and KRAVITCH, Circuit Judges, and THOMAS *, District Judge.

RONEY, Circuit Judge:

The timely filing of a race discrimination charge with the Equal Employment Opportunity Commission (EEOC) is a prerequisite to bringing a lawsuit under the Equal Employment Opportunity Act. Although a charge must usually be filed within 180 days of the discriminatory act, a charge is timely if filed with the Commission within 300 days in a state which has an agency that could grant relief for racial discrimination, if proceedings are instituted with the state agency.

The sole issue before this Court is whether, in order to get the benefit of the extended 300 days, proceedings have to be started in the state agency within the time limitation required by state law. In this case, the plaintiff's state claim was untimely under state law, and the district court refused to extend the 180-day federal limitation to 300 days. The district court granted summary judgment to the defendant on the ground that the claim was barred by the statute of limitations. Since seven other circuits have unanimously held that even an untimely state claim will trigger the 300-day limitation extension, we reverse.

■ Hired by the defendant on July 14, 1980, plaintiff was fired on November 21, 1980, within a usual six-month probationary period. Plaintiff claims he was dismissed because of his race. A condition precedent to bringing this action under Title VII was a timely filing of a race discrimination charge with the EEOC. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); *Jackson v. Seaboard Coast Line Railroad Co.*, 678 F.2d 992 (11th Cir.1982). To be timely, the charge had to be filed within 180 days after the alleged discriminatory act, except when "the person aggrieved has

* Honorable Daniel H. Thomas, U.S. District Judge for the Southern District of Alabama, sitting by designation.

initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice...." Then the period is extended to 300 days after the alleged unlawful employment practice. 42 U.S.C.A. § 2000e–5(e).

No claim was filed here until 272 days after the alleged discriminatory act. Then plaintiff filed a discrimination charge with the Florida Human Relations Commission (FHRC), which qualifies as a state agency "with authority to grant relief," making Florida what is referred to as a "deferral" state. Florida law, however, barred a claim not filed with the FHRC within 180 days of the alleged violation. Plaintiff filed the same charge with the EEOC on August 26, 1981, 278 days after the act, which would be beyond 180 days but within 300 days.

Since claimant may not file a charge with the EEOC in a deferral state until "sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated...." 42 U.S.C.A. § 2000e–5(c), plaintiff's complaint was held in abeyance by the EEOC until the termination of the state agency's examination, at which time it was "automatically fil[ed]." *Love v. Pullman*, 404 U.S. 522, 526, 92 S.Ct. 616, 618, 30 L.Ed.2d 679 (1972).

The Florida agency completed its consideration of the charge and referred the matter to the EEOC 297 days after plaintiff's discharge. Although the Florida claim was clearly untimely under Florida law, the record does not reflect the reason for the FHRC's decision not to act on plaintiff's charge. In any event, with that decision, plaintiff's complaint was deemed filed 297 days after the alleged event, within the statutory 300-day period.

About a year later, on August 11, 1982, the EEOC issued a determination finding no reasonable cause to believe that plaintiff's charges were true. Plaintiff then filed the instant action under Title VII of the Civil Rights Act of 1964, 41 U.S.C.A. § 2000e, *et seq.*

The district court noted that because the EEOC received the claim within the 300-day period, "it would appear, at first glance, that Plaintiff ... had filed a timely charge of race discrimination with EEOC." 595 F.Supp. 148 at 150. The court then held, however, that because the state had a 180-day limitation period for bringing discrimination complaints, and because plaintiff did not file within that period, the extended 300-day filing period did not apply.

It seems to us that a sound argument can be made to support the district court's decision. The whole purpose of deferral of federal action is to ensure that a state or local agency will have priority in answering a claim, by giving "state agencies an opportunity to redress the evil at which the federal legislation was aimed, and to avoid federal intervention unless its need was demonstrated." *Mohasco Corp. v. Silver*, 447 U.S. 807, 821, 100 S.Ct. 2486, 2494, 65 L.Ed.2d 532 (1980).

To require the institution of proceedings with a state or local agency with authority to grant relief as a condition to getting the extended 300 days, but not require plaintiff to institute those proceedings within the state's limitation period, defeats the purpose of deferral. Obviously, filing an untimely claim with a state or local agency is a meaningless gesture because the agency does not have authority to grant relief on an untimely claim.

Whatever the merits of that and other arguments to support the district court's decision, however, there is more merit in having federal courts follow the same course in cases of this kind in order to establish country-wide uniformity in the application of merely regulatory statutes and regulations. With no underlying ideological principles involved, the courts should not unnecessarily conflict on the application of regulatory laws such as the one at issue here. The Congress or administrative agency can readily change the rules if interpreted wrongly. In the meantime, all citizens are required to follow the same rules.

Seven circuits have decided this issue in favor of an untimely plaintiff. *Anderson v. Illinois Tool Works, Inc.*, 753 F.2d 622 (7th Cir.1985); *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208 (3d Cir.1984); *Smith v. Oral Roberts Evangelistic Assoc., Inc.*, 731 F.2d 684 (10th Cir.1984); *Rasimas v. Michigan Dept. of Mental Health*, 714 F.2d 614 (6th Cir.1983), *cert. denied,* — U.S. ——, 104 S.Ct. 2151, 80 L.Ed.2d 537 (1984); *Aronsen v. Crown Zellerbach*, 662 F.2d 584 (9th Cir.1981), *cert. denied,* 459 U.S. 1200, 103 S.Ct. 1183, 75 L.Ed.2d 431 (1983); *Ciccone v. Textron, Inc.*, 651 F.2d 1 (1st Cir.), *cert. denied,* 452 U.S. 917, 101 S.Ct. 3052, 69 L.Ed.2d 420 (1981); *Goodman v. Heublein, Inc.*, 645 F.2d 127 (2d Cir.1982). *See also Citicorp Person-to-Person Financial Corp. v. Brazell*, 658 F.2d 232 (4th Cir.1981).

Although *Anderson, Aronsen, Ciccone,* and *Goodman* all involve actions arising under the Age Discrimination in Employment Act, 29 U.S.C.A. § 621 *et seq.* (ADEA), the Supreme Court in *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 755–56, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1975) and several courts of appeals, have held that for deferral states the extended filing provisions of the ADEA and title VII are to be similarly analyzed. *Jones v. Airco Carbide Chemical Co.*, 691 F.2d 1200, 1202 n. 2 (6th Cir.1982); *Goodman*, 645 F.2d at 131; *Davis v. Calgon Corp.*, 627 F.2d 674, 676 (3d Cir.1980), *cert. denied,* 449 U.S. 1101, 101 S.Ct. 897, 66 L.Ed.2d 827 (1981).

Thus, the First, Second, Third, Sixth, Seventh, Ninth and Tenth Circuits have all held that a claimant need not institute proceedings with the state or local agency within the state limitations period in order to take advantage of the Title VII or ADEA deferral state extended filing period. No circuit has made a contrary holding.

▮ While these opinions of other circuits are not binding upon this Court, we believe the law would be best served by this Circuit following that line of authority. The case is a matter of statutory construction. If Congress so chooses it can change the statute. There is no underlying moral issue involved. Nor is this a matter so important to "truth and justice" that we should disregard the law of seven of our sister courts. In this type of case—a rather simple matter of construing a limitations period which can reasonably be construed in two different ways—the bench, bar and litigants are entitled to consistency.

The order of the district court is REVERSED and the cause is REMANDED for further proceedings.