**Thatcher EDMUNDS, Plaintiff,**

**v.**

**RYDER/P\*I\*E NATIONWIDE, INC., a Florida Corporation, Defendant.**

**No. 85–6740–CIV–LLN.**

United States District Court, S.D. Florida, Fort Lauderdale Division.

Feb. 18, 1987.

Robert E. Weisberg, David M. Lipman, of Lipman & Weisberg, Miami, Fla., for plaintiff.

Peter Reed Corbin of Corbin & Dickinson, Jacksonville, Fla., for defendant.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

NESBITT, District Judge.

This cause is before the Court upon a Motion for Summary Judgment filed by the Defendant RYDER/P\*I\*E NATIONWIDE, INC. (RYDER) against the Plaintiff THATCHER EDMUNDS (EDMUNDS) on the grounds that EDMUNDS' complaint under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.* is barred as untimely filed, Section 7(d)(1) of the Act, 29 U.S.C. § 626(d).

### I. FACTS

EDMUNDS commenced this action under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et. seq.*, alleging that RYDER discriminated against him on the basis of age by terminating his employment. Taking the facts in a light most favorable to EDMUNDS as the party opposing the Motion for Summary Judgment, *Time, Inc. v. Ragano*, 427 F.2d 219 (5th Cir.1970), they are as follows.

EDMUNDS was hired by RYDER in 1970. On November 2, 1984, his employment was terminated and on that date he was given written confirmation of his ter-

mination. EDMUNDS filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on July 24, 1985, 264 days after his termination. EDMUNDS also filed a charge with the Florida Commission on Human Relations (FCHR) on July 25, 1985, 265 days after his termination.

Pursuant to a Worksharing Agreement then in existence between the EEOC and the FCHR, the FCHR waived processing of EDMUNDS' claim on July 31, 1985, some 271 days after his termination. The FCHR informed EDMUNDS of their decision not to process his claim until completion of the EEOC action by letter dated July 31, 1985. EDMUNDS filed this action on September 26, 1985 by alleging RYDER violated ED-MUNDS' rights under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et. seq.*

## II.  SUMMARY OF PARTIES' CONTENTIONS

RYDER moves for summary judgment on the basis that EDMUNDS' charge of discrimination filed with the EEOC was untimely because not filed within 180 days and therefore this suit is barred. ED-MUNDS counters that the charge was timely because filed within the applicable 300 day time limit.

29 U.S.C. § 626(d) states that:

No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed—

(1) within 180 days after the alleged unlawful practice occurred; or

(2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

29 U.S.C. § 633(b) applies:

In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice. . . .

## III.  LEGAL DISCUSSION

■ The Eleventh Circuit Court of Appeals has found the FHRC qualifies as a state agency "with authority to grant relief" under the analogous Title VII provision, 42 U.S.C. § 2000e–5(e). *Thomas v. Florida Power and Light Co.*, 764 F.2d 768 (11th Cir.1985). Since the filing provisions of the ADEA and Title VII are to be similarly analyzed, *Thomas*, 764 F.2d at 771, the Court finds that the FHRC qualifies as a state agency with "authority to grant . . . relief from such discriminatory practice" under the ADEA. *See* Human Rights Act of 1977, Fla.Stat. § 760.01–760.10 (1985). Therefore, Florida is what is known as a "deferral state." *Thomas*, 764 F.2d at 770.

RYDER asserts that the FHRC should not qualify as such an agency because it has waived the right to initially process ADEA claims pursuant to the Worksharing Agreement with the EEOC. There is no reason to conclude that the inter-agency compact between EEOC and FCHR allows ADEA grievants to ignore state remedies or, as RYDER claims, that the FCHR has "waived jurisdiction in advance" by the Worksharing Agreement. Filing with the state agency first is still mandatory. *Oscar Mayer and Co. v. Evans*, 441 U.S. 750, 756–7, 99 S.Ct. 2066, 2071–72, 60 L.Ed.2d 609. Additionally, section 633(b) only requires a grievant to give the State an opportunity to entertain the charge. *Id.* at 761. The inter-agency compact does not obviate the authority of the FHRC to grant relief. Accordingly, the 300 day limit of 29 U.S.C. § 626(d) applies to this case.

■ Nonetheless, EDMUNDS may not file a charge with the EEOC in a deferral state until he has first commenced proceedings under the State law. *Oscar Mayer & Co. v. Evans, supra.* In this case, ED-MUNDS violated this mandate because he filed the charge with the EEOC one day before he filed the charge with the FHRC.

343

However, EDMUNDS' charge was held in abeyance until the commencement of the FHRC proceedings. *See Love v. Pullman,* 404 U.S. 522, 526, 92 S.Ct. 616, 618–619, 30 L.Ed.2d 679 (1972). The FHRC proceedings commenced on July 25, 1985 when the FHRC received the charged filed by EDMUNDS. At that point, EDMUNDS was permitted to pursue his ADEA claim with the EEOC concurrently with the state claim and the charge with the EEOC was then "automatically filed." *Oscar Mayer, supra; Love v. Pullman, supra.* Thus, the charge with the EEOC was filed immediately after the charge was filed with the FHRC on July 25, 1985, 265 days after his termination, well within the 300 day limit established by 29 U.S.C. § 626(d) for deferral states.

The cases relied upon by RYDER which apply the 180 day limit are inapposite to this case because the aggrieved parties therein never filed a charge with the state agency. *Dixon v. Westinghouse Elec. Corp.,* 787 F.2d 943 (4th Cir.1986); *Kocian v. Getty Refining & Marketing Co.,* 707 F.2d 748 (3d Cir., 1983); *Lopez v. Sears, Roebuck and Co.,* 493 F.Supp. 801 (D.Md. 1980). EDMUNDS, although belatedly, did file a charge with the FHRC. The timeliness of the state filing does not affect the availability of the deferral state extended filing provision. *Oscar Mayer, supra; Thomas, supra.*

Accordingly, it is hereby

ORDERED AND ADJUDGED that RYDER's Motion for Summary Judgment be and the same is hereby DENIED.