EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff,

v.

The GRAPHICS PRESS,
INC., Defendant.

No. 87–6560–Civ.

United States District Court,
S.D. Florida, N.D.

Jan. 13, 1988.

Segismundo A. Pares, EEOC, Miami District Office, Miami, Fla., for plaintiff.

Irving J. Whitman, Miami, Fla., for defendant.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the Motion for Summary Judgment of the defendant, The Graphics Press, Inc. and the Cross-Motion for Partial Summary Judgment of the plaintiff, the Equal Employment Opportunity Commission ("EEOC"). Both motions concern the time for filing an employment discrimination complaint with the EEOC.

Plaintiff EEOC filed this suit against the defendant Graphics Press on behalf of Sheree J. Posthumus, an employee of Graphics Press who was allegedly fired as a result of her pregnancy, in violation of Title VII of the Civil Rights Act of 1984, as amended, 42 U.S.C. § 2000e *et seq.* Graphics Press moves to dismiss on the ground that the EEOC failed to timely file this discrimination charge. Defendant also argues that the "Miami Branch" of the EEOC has improperly re-filed this complaint after the original charge had been resolved by the "Broward County EEOC" in favor of the defendant. The EEOC has moved for summary judgment on this affirmative defense.

In order to understand defendant's argument, it is first necessary to review the prior administrative proceedings. Ms. Posthumus was terminated from her job at Graphics Press on April 5, 1985. On April 9, 1985, she filed a charge at the offices of the Broward County Human Relations Division and requested that the charge also be filed with the EEOC. On May 5, 1986, the Human Rights Board issued an Order finding no violation of the Broward County Human Rights Act. The Board then sent the file to the EEOC for concurrence.

The EEOC issued a determination on November 21, 1986 that Ms. Posthumus' pregnancy was a determining factor in her termination. The EEOC invited Graphics Press to participate in a conciliation process but on January 23, 1987 determined that the effort to conciliate the charge had been unsuccessful. This suit was filed on July 28, 1987.

Defendant moves for summary judgment on the ground that the discrimination charge filed by the EEOC on November 26, 1986 was identical to the charge filed on April 9, 1985 and far exceeded the 300–day limitation set forth in § 706 of Title VII, 42 U.S.C. § 2000e–5. A review of the statutory time limitations for filing a charge with the EEOC is helpful.

■■■ "The statutory scheme adopted by Congress in § 706 of Title VII, 42 U.S.C. § 2000e–5, displays an intent to apply different time limitations depending upon whether or not a state has an approved state civil rights enforcement agency." *E.E.O.C. v. Commercial Office Products Co.*, 803 F.2d 581, 585 (10th Cir.1986), *cert. granted*, —— U.S. ——, 107 S.Ct. 3208, 96 L.Ed.2d 695 (1987). The normal time limitation requires that a charge must be filed with the EEOC within 180 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e–5(e). An exception to the 180–day limit applies in states such as Florida which have local agencies to investigate charges of employment discrimination.[1] In those states, a charge of discrimination

shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier. . . .

42 U.S.C. § 2000e–5(e). That section must be read in conjunction with § 706(c) which prohibits a victim in a deferral state from filing a charge with the federal EEOC until 60 days after she begins a proceeding before the state agency, unless the proceedings end before then. 42 U.S.C. § 2000e–5(c). The courts have interpreted those two sections of Title VII as requiring a claimant in a deferral state to file her claim with the state agency at least 60 days before the 300th day after the alleged discrimination occurred. *Martinez v. United Automobile, Aerospace & Agricultural Implement Workers of America, Local 1373*, 772 F.2d 348, 350 (7th Cir.1985); *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). The complaint is automatically deemed filed with the EEOC upon termination of the state proceedings or after 60 days, whichever is earlier. 42 U.S.C. § 2000e–5(c); *Love v. Pullman Co.*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972); *Thomas v. Florida Power and Light Company*, 764 F.2d 768 (11th Cir.1985). As long as the complaint is filed with the 706 agency within 240 days of the alleged act of discrimination, the complaint will be deemed filed with the EEOC within the 300 day time limit of § 706(e). *See Mohasco*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532. *See also* 29 C.F.R. § 1601.13(b)(1) (complaint initially presented to state agency deemed filed with EEOC 60 days after filing with state agency or upon termination of state proceedings, whichever is earlier).

■■■ In the present case, Ms. Posthumus filed her complaint with the Broward County 706 agency on April 9, 1985, only *four* days after the alleged discriminatory act occurred. Her complaint is thus deemed

---

**1.** States which have local agencies to investigate charges of employment discrimination are called "deferral states." The local agencies are referred to as "706 agencies."

filed with the EEOC 60 days later, or June 8, 1985, well within the 300 day time limitation of 42 U.S.C. § 2000e–5(e). The EEOC properly held Ms. Posthums' complaint in abeyance in order to give the state agency the opportunity to resolve the complaint. *See Thomas*, 764 F.2d at 770 (reason for deferral to state agency is to avoid federal intervention).

■ Upon the finding by the Broward County Human Relations Department that no discrimination occurred, the EEOC proceeded with its investigation. The defendant is incorrect in its argument that the "Broward County EEOC" had already resolved the complaint in favor of the Graphics Press and that consequently the "Miami EEOC" was barred from conducting its investigation. There is only one EEOC office in South Florida. *See* 29 C.F.R. 1610.4 (1987) (Florida Field Offices located in Miami and Tampa). The determination by the Broward County agency involved an investigation into only a possible violation of the Broward County Human Rights Act. There was no finding by the EEOC that no discrimination occurred. Thus, defendant's argument to that effect is specious. In its Cross–Motion for Partial Summary Judgment, the EEOC moves for judgment against the defendant on its affirmative defense that Ms. Posthumus' claim had already been resolved. For the reasons discussed above, the court has determined that the Cross–Motion for Partial Summary Judgment of the plaintiff EEOC should be granted. Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

1. The Motion for Summary Judgment of the defendant Graphics Press be and the same is DENIED.

2. The Cross–Motion for Summary Judgment of the plaintiff EEOC be and the same is GRANTED. Judgment shall enter on behalf of the EEOC as to the issues raised in the defendant's affirmative defense.