**FONTANA EMPIRE CENTER, LLC, a Delaware limited liability company; Fontana Empire Center II, LLC, a Delaware limited liability company, Plaintiffs–Appellants,**

v.

**CITY OF FONTANA, a municipal corporation; Kenneth R. Hunt, an individual; Raymond Bragg, an individual; Frank Schuma, an individual; Stone & Youngberg, LLC, a California limited liability company, Defendants–Appellees.**

No. 02–55030.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2002.

Filed Oct. 3, 2002.

Betty M. Shumener and Henry H. Oh, Robert O. Barton, Dewey Ballantine, Los Angeles, CA, for the plaintiffs-appellants.

Kendall H. MacVey, Best Best & Krieger, Riverside, CA; Edward P. Sangster, Dylan Carp, Kirkpatrick & Lockhart, San Francisco, CA, for the defendants-appellees.

Before LAY,* CANBY, JR. and PAEZ, Circuit Judges.

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

## OPINION

LAY, Circuit Judge.

### FACTS

Fontana Empire Center and Fontana Empire Center II (collectively FEC) filed a civil rights action in federal district court. In its complaint, FEC alleged, inter alia, that it acquired title to 218 contiguous acres of unimproved real property located in Fontana, California in June of 1998. The City of Fontana (City) had obtained a foreclosure judgment in 1996, prior to FEC's purchase of the property. The City conducted a foreclosure sale on March 9, 2001. The City purchased the property at the foreclosure sale by credit bid.

In their second amended complaint, Plaintiffs alleged (1) copyright infringement, (2) deprivation of procedural due process rights under color of state law (42 U.S.C. § 1983), (3) unlawful seizure of property under color of state law (42 U.S.C. § 1983), (4) unlawful taking of property under color of state law (42 U.S.C. § 1983), (5) deprivation of equal protection rights under color of state law (42 U.S.C. § 1983), (6) set aside foreclosure sale, (7) fraud and fraudulent concealment, (8) promissory estoppel, (9) quantum meruit, and (10) cancellation of deed or instrument. Defendants filed a motion to dismiss arguing that the district court

lacked subject matter jurisdiction over FEC's claims under the *Rooker–Feldman* doctrine and, alternatively, that some of the claims asserted failed to state a claim for relief. Under the *Rooker–Feldman* rule, federal courts are precluded from reviewing state court decisions.

The district court entered an order denying in part and granting in part the motion to dismiss, ruling that FEC stated a valid claim for copyright infringement, quantum meruit, and fraud. The district court dismissed the remaining claims on the grounds that it lacked subject matter jurisdiction over those claims pursuant to the *Rooker–Feldman* doctrine.

■ FEC appealed, alleging that the district court improperly found the claims barred by the *Rooker–Feldman* doctrine. Defendants filed a motion to dismiss on the ground that this court lacked jurisdiction. A motions panel entered an order denying Defendants' motion to dismiss ruling that this court had jurisdiction under the collateral order rule.[1] *See Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

### JURISDICTION

■ Before passing on the question as to whether the *Rooker–Feldman* doctrine applies, it is necessary for us to

---

1. Despite the motions panel decision, as the court assigned to adjudicate the merits of this appeal, we must determine for ourselves whether we have jurisdiction. *See Larez v. City of Los Angeles,* 946 F.2d 630, 636 (9th Cir.1991) ("A motions panel of this court has already twice addressed this issue, finding jurisdiction. Generally, this court will not consider a question upon which a panel has ruled in the same case. However, this 'law of the case' doctrine is 'inapplicable to the question of our jurisdiction to consider an appeal.' ") (citing *Duran v. City of Douglas,* 904 F.2d 1372, 1375 (9th Cir.1990)); *United*

*States v. Houser,* 804 F.2d 565, 568–69 (9th Cir.1986) ("The fact that the motions panel denied the Government's motion to dismiss this appeal 'does not free this court from the independent duty to decide whether we have jurisdiction.' ") (citing *Green v. Dep't of Commerce,* 618 F.2d 836, 839 n. 9 (D.C.Cir.1980)); *Nat'l Indus., Inc. v. Republic Nat'l Life Ins. Co.,* 677 F.2d 1258, 1262 (9th Cir.1982) ("Although two members of this court previously denied National's motion to dismiss that portion of the appeal, we do not consider the denial of the motion to have foreclosed our ultimate reconsideration and disposition of the issue.").

determine whether this court has jurisdiction to review this issue. As previously indicated, the district court ruled that FEC had stated a valid claim for copyright infringement, quantum meruit, and fraud. The district court found as to the seven remaining claims that it lacked subject matter jurisdiction under the *Rooker–Feldman* doctrine. However, it is obvious that the appeal from the district court's ruling is an appeal from an interlocutory order. The parties were ordered by the district court to continue discovery and pursue other preparation for trial on the three remaining issues. None of the parties sought to obtain a certificate from the district court under Federal Rule of Civil Procedure Rule 54(b). The Plaintiffs assert, however, that this court has jurisdiction under the collateral order rule which grants this court jurisdiction of appeals from the final decision of the district court pursuant to 28 U.S.C. § 1291. This small category of cases provides an exception from the final decision of the district court, i.e. although the decision does not end the litigation, it must still be considered a final judgment. As the Supreme Court stated in *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978): "To come within the 'small class' of decisions excepted from the final judgment rule by *Cohen*, the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." 437 U.S. at 468, 98 S.Ct. 2454.

We find that this court has jurisdiction under the collateral order rule to review the district court's dismissal of the claims under the *Rooker–Feldman* doctrine. In applying the *Rooker–Feldman* doctrine, the district court simply recognized that federal courts may not review prior rulings of the state court. Although we have found no authority addressing the question whether a *Rooker–Feldman* dismissal is a

collateral order, the Supreme Court decided in *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996), that a dismissal based on *Burford* abstention was an appealable collateral order because it effectively deprived the litigant of an opportunity to litigate in federal court.

We conclude that the attributes that the Supreme Court identified as making a *Burford* abstention appealable as a collateral order are also present in a *Rooker–Feldman* dismissal. In *Quackenbush*, the Supreme Court observed:

> We determined that a stay order based on the *Colorado River* doctrine "presents an important issue separate from the merits" because it "amounts to a refusal to adjudicate" the case in federal court; that such orders could not be reviewed on appeal from a final judgment in the federal action because the district court would be bound, as a matter of res judicata, to honor the state court's judgment; and that unlike other stay orders, which might readily be reconsidered by the district court, abstention-based stay orders of this ilk are "conclusive" because they are the practical equivalent of an order dismissing the case.

*Quackenbush*, 517 U.S. at 713, 116 S.Ct. 1712 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)).

█ The same things may be said about the case before us. In dismissing the case as an attempt to review a state court judgment, the district court denied FEC the opportunity to adjudicate the dismissed claims in federal court. If an appeal of the district court's dismissal must await final judgment, it may well be too late to remedy the dismissal. As a result of the dismissal, FEC filed a separate lawsuit in state court to obtain an adjudication of the

dismissed claims. The state court's judgment in that case would bind the district court in any further proceedings, thus permanently denying FEC the right to adjudicate its claims in federal court. Thus, in the absence of a collateral-order interlocutory appeal, the district court's *Rooker–Feldman* dismissal would be "the practical equivalent of an order dismissing the case." *Quackenbush,* 517 U.S. at 713, 116 S.Ct. 1712. We conclude, therefore, that a *Rooker–Feldman* dismissal qualifies as a collateral order to the same extent as a *Burford* abstention order.

The *Rooker–Feldman* dismissal also meets the two requirements of *Cohen,* 337 U.S. at 546, 69 S.Ct. 1221. In the present case, the district court conclusively determined the applicability of the *Rooker–Feldman* doctrine, thereby satisfying the first of the *Cohen* elements. The second *Cohen* requirement is whether the issue brought to the district court was separate from the merits of the action. It is obvious that the district court refused to adjudicate the merits of the dispute and barred the claims under the *Rooker–Feldman* doctrine. *See Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

Along with fulfillment of these two requirements, the district court's ruling effectively becomes unreviewable on appeal from its final judgment because the district court would be required to give res judicata effect to the state court's determination. On the basis of our analysis, we find the requirements of *Cohen* have been satisfied and that the appeal under the collateral order rule is properly before this court.

## ANALYSIS

### I. Rooker–Feldman Doctrine

 The *Rooker–Feldman* doctrine recognizes that federal district courts generally lack subject matter jurisdiction to review state court judgments. *Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 415, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *see also Branson v. Nott,* 62 F.3d 287, 291 (9th Cir.1995) ("As courts of original jurisdiction, federal district courts have no authority to review the final determinations of a state court in judicial proceedings."). The doctrine also precludes a federal district court from exercising jurisdiction over general constitutional challenges that are "inextricably intertwined" with claims asserted in state court. *Feldman,* 460 U.S. at 483 n. 16, 103 S.Ct. 1303; *see also Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 25, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring); *Doe & Assocs. Law Offices v. Napolitano,* 252 F.3d 1026, 1029 (9th Cir.2001). A claim is inextricably intertwined with a state court judgment if "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it," *Pennzoil Co.,* 481 U.S. at 25, 107 S.Ct. 1519 (Marshall, J., concurring), or if "the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Charchenko v. City of Stillwater,* 47 F.3d 981, 983 (8th Cir.1995).[2] The only court with jurisdiction to review challenges to the constitutionality of such judgments is the United States Supreme Court. *Feldman,* 460 U.S. at 482, 103 S.Ct. 1303.

---

**2.** Courts have held that the *Rooker–Feldman* doctrine bars a challenge to a foreclosure judgment. *See, e.g., Wright v. Tackett,* 39 F.3d 155 (7th Cir.1994); *Ritter v. Ross,* 992 F.2d 750 (7th Cir.1993); *Simpson v. Putnam County Nat'l Bank of Carmel,* 20 F.Supp.2d. 630 (S.D.N.Y.1998); *Smith v. Weinberger,* 994 F.Supp. 418 (E.D.N.Y.1998).

The district court ruled that five of FEC's claims were inextricably intertwined with, and constituted an attack on, the state court foreclosure judgment in violation of the *Rooker–Feldman* doctrine.[3] FEC alleges the district court wrongly held the Rooker–Feldman doctrine barred the claims because (1) California law expressly authorizes the filing of a separate action to set aside foreclosure sales, which merely revives the foreclosure judgment, *see Davis v. Bayless,* 70 F.3d 367, 376 (5th Cir.1995), and (2) the action challenges post-judgment collection or enforcement procedures, making it "an action 'separable from and collateral to' the merits of the state-court judgment." *Pennzoil,* 481 U.S. at 21, 107 S.Ct. 1519 (Brennan, J., concurring) (quoting *Nat'l Socialist Party v. Skokie,* 432 U.S. 43, 44, 97 S.Ct. 2205, 53 L.Ed.2d 96 (1977)).

*A. California Law*

■■■ FEC's first argument, which seizes upon the language of *Davis,* is that the claims are not barred by the *Rooker–Feldman* doctrine because California law expressly authorizes the filing of a separate action to set aside a foreclosure sale. *See Davis,* 70 F.3d at 376; Cal.Civ.Proc. Code § 701.680(c) (West 2002). In *Davis,* the court stated, "our Circuit has not allowed the *Rooker–Feldman* doctrine to bar an action in federal court when that same action would be allowed in the state court of the rendering state." 70 F.3d at 376. The reasoning underlying the proposition emanates from the full faith and credit clause, which requires that "federal courts give a state court judgment the *same* preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Dodd v. Hood River County,* 59 F.3d 852, 861 (9th

Cir.1995) (internal quotation omitted) (emphasis added); *see also Gauthier v. Cont'l Diving Servs., Inc.,* 831 F.2d 559, 561 (5th Cir.1987).

The court in *Davis* found that because the plaintiffs "could have raised their claims in either the 133rd Judicial District Court or any other Texas court of proper jurisdiction and venue," the claims were not barred by the *Rooker–Feldman* doctrine. *Davis,* 70 F.3d at 376; *see also Gauthier,* 831 F.2d at 561 ("[W]e conclude that a Louisiana state court would permit Gauthier to attack the consent judgment. Consequently Rooker–Feldman does not bar his attack in federal court.").

With regard to FEC's present suit, California law provides that:

> If the sale was improper because of irregularities in the proceedings . . .
>
> (1) The judgment debtor . . . *may commence an action* within 90 days after the date of sale to set aside the sale if the purchaser at the sale is the judgment creditor. Subject to paragraph (2), *if the sale is set aside,* the *judgment of the judgment creditor is revived* to reflect the amount that was satisfied from the proceeds of the sale and the judgment creditor is entitled to interest on the amount of the judgment as so revived as if the sale had not been made. Any liens extinguished by the sale of the property are revived and reattach to the property with the same priority and effect as if the sale had not been made.

Cal.Civ.Proc.Code § 701.680(c) (West 2002) (emphasis added). Therefore, pursuant to *Davis,* the *Rooker–Feldman* doctrine does not appear to bar the present claims because California law specifically authorizes a separate action that does not

---

**3.** FEC acknowledges notice of the foreclosure sale was provided, but it alleges it was deprived of a meaningful opportunity to partici-

pate in the sale due to the Defendants' misrepresentations.

affect the foreclosure judgment but, rather, revives it. *See Davis,* 70 F.3d at 376; *see also Gauthier,* 831 F.2d at 561.

The Defendants contend that *United States v. Shepherd,* 23 F.3d 923 (5th Cir. 1994), and *GASH Assocs. v. Village of Rosemont, Ill.,* 995 F.2d 726 (7th Cir.1993), preclude such an interpretation. In *Shepherd,* 23 F.3d at 924, the state court entered a judgment affirming the validity of foreclosure sales, one of which extinguished a junior lien held by the Farmers Home Administration (FmHA). Alleging that defendant Shepherd had engaged in a scheme to fraudulently extinguish the FmHA's junior lien by purchasing superior liens and conducting fraudulent foreclosure sales, the FmHA filed a suit in federal court that sought "to set aside and void a previous judgment by the 121st Judicial District Court of Yoakum County, Texas." *Id.* "The federal district court exercised jurisdiction over the government's action and ultimately entered a judgment voiding the state judgment...." *Id.* The Fifth Circuit reversed, finding the district court had no jurisdiction under the *Rooker–Feldman* doctrine to entertain a collateral attack by the government on a state court judgment confirming the validity of foreclosure sales. *Id.* at 925.

In *GASH Assocs.,* 995 F.2d at 727, GASH commenced a lawsuit in federal court under 42 U.S.C. § 1983 against the Village of Rosemont, the winning bidder at a foreclosure sale. The Seventh Circuit stated, "GASH believes that Rosemont winkled it out of full value for the property by commencing a condemnation action in state court while the foreclosure action was pending, thus 'taking' its property." *Id.* The district court held that "[b]ecause Illinois would allow litigation in its own courts raising the possibility that a judicially-approved sale is a taking ... the litigation may proceed in federal court." *Id.* at 728. The court observed:

As we see things, GASH is attacking the judgment itself. It believes that the sale should not have been confirmed at such a low price and wants the buyer to pay more. Just as in *Ritter,* it has no claim independent of the state court's adverse decision. To put this differently, the injury of which GASH complains was caused *by* the judgment, just as in *Rooker, Feldman,* and *Ritter.* GASH did not suffer an injury out of court and then fail to get relief from state court; its injury came from the judgment confirming the sale, rather than requiring the Village to condemn the building independently of the foreclosure, as GASH had demanded. Both trial and appellate courts in Illinois considered and rejected this position on the merits.

*Id.* at 728–29.

Although *Shepherd* and *GASH Assocs.* address foreclosure sales based upon foreclosure judgments, they do not address the salient facts of this case. First, GASH had presented the merits of its claim, albeit not through the vehicle of § 1983, in state court, whereas FEC has not brought the present claims before the California courts. *See id.* at 727 ("GASH was stuck with a hefty deficiency judgment. The senior lenders asked the court to confirm the sale. It did, over GASH's vigorous objection. *Lyons Savings & Loan Ass'n v. Gash Associates,* 189 Ill.App.3d 684, 136 Ill.Dec. 888, 545 N.E.2d 412 (1989) ...."); *id.* at 728, 136 Ill.Dec. 888, 545 N.E.2d 412 ("GASH is attacking the judgment itself."); *id.* at 729, 136 Ill.Dec. 888, 545 N.E.2d 412 ("Both trial and appellate courts in Illinois considered and rejected this position on the merits."); *see also Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 558 (7th Cir. 1999) (holding an issue cannot be inextricably intertwined with a state court judgment if the plaintiff did not have an opportunity to raise the issue in the state court proceeding). Similarly, in *Shepherd,* 23

F.3d at 924, the FmHA sought to "set aside and void a previous judgment" of the state court. In contrast, under California law, the foreclosure judgment is revived if a plaintiff succeeds on its separate action challenging the foreclosure sale. *See* Cal. Civ.Proc.Code § 701.680(c) (West 2002).

█ Therefore, we hold FEC's claims for relief are not barred by the *Rooker–Feldman* doctrine because a separate claim for relief is authorized by state law. *See Davis,* 70 F.3d at 376; *Gauthier,* 831 F.2d at 561; Cal.Civ.Proc.Code § 701.680(c) (West 2002) ("[I]f the sale is set aside, the judgment of the judgment creditor is revived.").

### B. Separable From and Collateral To

FEC also argues that the *Rooker–Feldman* doctrine is inapplicable because its suit is an action separable from and collateral to the merits of the state court judgment: the doctrine does not bar their claims because they are not seeking to challenge the 1996 foreclosure judgment against the property but, rather, merely challenging the notice to participate in the foreclosure sale. *See Pennzoil,* 481 U.S. at 21, 107 S.Ct. 1519 (Brennan, J., concurring); *Kiowa Indian Tribe of Oklahoma v. Hoover,* 150 F.3d 1163, 1170 (10th Cir. 1998) ("[O]n its facts, *Pennzoil* demonstrates that asking a federal court to enjoin post-judgment collection procedures that allegedly violate a party's federal rights is distinguishable from asking a federal court to review the merits of the underlying judgment."); *Catz v. Chalker,* 142 F.3d 279, 294 (6th Cir.1998).

█ It appears that FEC's causes of action, which are premised upon the allegation that it was denied a meaningful opportunity to participate in the sale of the property, is a post-judgment enforcement procedure. *See* Cal.Civ.Proc.Code § 701.680(c) (West 2002) ("[I]f the sale is set aside, the judgment of the judgment

creditor is revived."); *see also* Cal.Civ. Proc.Code §§ 683.020, 699.510(a) (West 2002) (stating a foreclosure sale can be conducted by obtaining a new writ of execution under the same foreclosure judgment that remains enforceable for ten years). Thus, under the teachings of *Pennzoil, Kiowa Indian Tribe,* and *Catz,* FEC's claims are not barred because they are " 'separable from and collateral to' the merits of the state-court judgment." *See Pennzoil,* 481 U.S. at 21, 107 S.Ct. 1519 (Brennan, J., concurring).

Defendants rely primarily upon three cases in arguing that such a holding is in error: *Wright v. Tackett,* 39 F.3d 155 (7th Cir.1994), *Ritter v. Ross,* 992 F.2d 750 (7th Cir.1993), and *Simpson v. Putnam County Nat'l Bank,* 20 F.Supp.2d 630 (S.D.N.Y. 1998). Defendants assert these cases compel this court to hold that FEC's claims are barred under the *Rooker–Feldman* doctrine because they are intertwined with the state foreclosure judgment.

We disagree. These cases are distinguishable from the present action. First, as illustrated by the cases themselves, the issue raised before the district court had been litigated in state court. *See Wright,* 39 F.3d at 158 ("The merits of the state court's rulings are beyond the jurisdiction of the district court and this court."); *Ritter,* 992 F.2d at 754–55 ("The Ritters, like the plaintiff in *Rooker,* are essentially seeking a federal district court appellate review of a state judicial proceeding."); *Simpson,* 20 F.Supp.2d at 633 ("[T]his Court has no authority to review the State Court's judgment."). In comparison, the present action, which challenges the notice associated with the foreclosure sale and not the foreclosure judgment, has never been litigated in state court. *See Long,* 182 F.3d at 558 ("[A]n issue cannot be inextricably intertwined with a state court judgment if the plaintiff did not have a

reasonable opportunity to raise the issue in state court proceedings. Absent such an opportunity, it is impossible to conclude that the issue was inextricably intertwined with the state court judgment.").

Second, if the Plaintiffs in the above-mentioned cases had succeeded, the foreclosure judgment itself would have been vacated. *See Wright,* 39 F.3d at 157 ("In essence, Wright asked the federal district court to review the state court's denial of his requests to intervene in the foreclosure actions."); *Ritter,* 992 F.2d at 752 (challenging the "notice of the pendency of the *foreclosure action* and of their opportunity to object") (emphasis added); *Simpson,* 20 F.Supp.2d at 633 ("But by pursuing these claims here, Simpson seeks to require this Court to revisit the State Court's foreclosure judgment ...."); *see also Long,* 182 F.3d at 555 ("The pivotal inquiry is 'whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim.' ") (quoting *Kamilewicz v. Bank of Boston Corp.,* 92 F.3d 506, 510 (7th Cir.1996)). FEC, however, seeks to challenge the Defendants' post-judgment conduct that occurred after the foreclosure judgment was entered. *See Pennzoil,* 481 U.S. at 21, 107 S.Ct. 1519 (Brennan, J., concurring); *Kiowa Indian Tribe,* 150 F.3d at 1170. Moreover, as previously demonstrated, California law explicitly provides that an action that pursues "irregularities" in the foreclosure sale is separate from the foreclosure action: "if the sale is set aside, the judgment of the judgment creditor is revived." *See* Cal.Civ.Proc.Code § 701.680(c) (2002).

The tests as announced in *Davis* and *Pennzoil* guide us to the same conclusion: the *Rooker–Feldman* doctrine does not bar the district court from exercising jurisdiction over FEC's claims of deprivation of procedural due process, unlawful taking of property, set aside foreclosure sale, prom-

issory estoppel, and cancellation of deed or instrument.

## II. Scope of Review

■ Defendants assert that even though this court might hold the aforementioned claims are not barred under the *Rooker–Feldman* doctrine, the district court's dismissal should be affirmed upon the merits of the 12(b)(6) motion.

A court of appeals normally will not consider the merits of a case before it on an interlocutory appeal except to the extent necessary to decide narrowly the matter which supplies appellate jurisdiction, *e.g. Time, Inc. v. Ragano,* 427 F.2d 219 (5th Cir.1970) but this rule is one of orderly judicial administration and not a limit on jurisdictional power.

*Mercury Motor Express, Inc. v. Brinke,* 475 F.2d 1086, 1091 (5th Cir.1973). Thus, this court must consider, within the discretion it is afforded, whether to address the merits of the 12(b)(6) motion or remand to the district court.

FEC's second amended complaint properly stated claims, as found by the district court, outside of those presently on review, and regardless of our judgment as to the merits of the Rule 12(b)(6) motion, the district court will be confronted with future action by the parties. Therefore, this case does not present the exigent circumstances under which we will address issues outside of those that provide jurisdiction for this interlocutory appeal.

## CONCLUSION

In conclusion, this court exercises jurisdiction over the present dispute pursuant to the collateral order rule as set forth in *Cohen,* 337 U.S. at 546, 69 S.Ct. 1221. In exercising jurisdiction, we hold that the Plaintiffs' claims are not barred by the

*Rooker–Feldman* doctrine and remand all claims to the district court.

REVERSED and REMANDED.