Charles W. WRIGHT, Plaintiff–Appellant,

v.

Dennis R. TACKETT, et al., Defendants–Appellees.

No. 93–3220.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 18, 1994.*

Decided Nov. 2, 1994.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record.

Charles W. Wright, Jeffersonville, IN, submitted pro se.

Irvin H. Sonne, III, Tackett, Taurman & Sonne, New Albany, IN, for Frederick E. Adkins, Dennis R. Tackett and Tackett, Taurman & Sonne.

C. Allan Hoffer, Young, Lind, Endres & Kraft, New Albany, IN, for Lewis A. Endres, Young, Lind, Endres & Kraft Law Firm and PNC Bank–Indiana Inc.

David A. Arthur, Deputy Atty. Gen., Indianapolis, IN, for Clementine B. Barthold, Henry N. Leist, Ted R. Todd and State of Indiana.

Before BAUER, RIPPLE, and ROVNER, Circuit Judges.

PER CURIAM.

Charles W. Wright ("Wright"), a *pro se* plaintiff, appeals the district court's grant of summary judgment in favor of the defendants in this suit brought under 42 U.S.C. §§ 1983, 1985, and 1986. In his complaint, Wright alleged that defendants conspired to violate his civil rights when they took actions to foreclose against his real property. The principal question before us is whether the *Rooker–Feldman* doctrine bars federal jurisdiction over Wright's claims. We believe that it does.

## I. BACKGROUND

In December 1990, Wright's current wife, Martha Sue Wright, obtained a divorce from Frederick E. Adkins. In the ensuing property division, the Scott County (Indiana) Circuit Court awarded Mrs. Wright sole ownership of the marital residence located in Clark County, Indiana, and an office building in Floyd County, Indiana which was subject to a mortgage and lien. In that same property division, the court entered a money judgment against Mrs. Wright and in favor of Adkins.

When Mrs. Wright failed to satisfy the money judgment against her, Adkins brought foreclosure actions in the trial courts of Clark County and Floyd County against the marital residence and office building, respectively. In November 1991, Wright moved to intervene in both foreclosure actions, claiming that he was the joint owner of the property with Mrs. Wright. Wright contended that he had purchased both properties from Mrs. Wright before Adkins filed his foreclosure actions. The trial courts in Floyd County and Clark County denied Wright's motions.

In March 1992, Wright moved the Scott County Circuit Court, which had dissolved the Adkinses' marriage, to appoint a Commissioner to execute Adkins' signature on quitclaim deeds relating to the marital residence and office building. A Special Judge of the Scott County Circuit Court rejected Wright's motion.

In April 1992, Wright filed this complaint *pro se* in federal district court, alleging that defendants violated 42 U.S.C. §§ 1983, 1985, and 1986 by depriving him of property without due process. Wright sought an award of twenty million dollars in damages from two lawyers and their respective law firms, his wife's former husband, a bank, three Indiana state court judges, and the State of Indiana, all of whom he claims conspired to deprive him of his civil rights.[1]

---

[1.] All defendants named in Wright's complaint are alleged to have played some role in the state foreclosure proceedings. Frederick E. Adkins, who was represented by Dennis R. Tackett of the law firm Tackett, Taurman & Sonne, P.C., initiated the foreclosure actions against the real estate parcels in Clark County and Floyd County. Citizens Fidelity Bank and Trust Company, which was represented by Lewis A. Endres of the law firm Young, Lind, Endres & Kraft, also filed foreclosure actions against the same property. Clementine B. Barthold, a judge of the Clark County Superior Court, denied Wright's motion to intervene as an indispensable party in the forfeiture action filed in her court. Henry N. Leist, a judge of the Floyd County Circuit Court, denied a similar motion filed in his court. Ted R. Todd, a Special Judge of the Scott County Circuit Court, which dissolved the Adkinses' marriage, refused Wright's request for the ap-

The gravamen of the complaint is that defendants conspired to recover on Adkins' judgment against Mrs. Wright by filing unlawful state mortgage foreclosure actions against real estate that she had previously conveyed to Wright. Wright offers virtually no details or elaboration in support of his conspiracy charge, except for bald assertions that the judicial defendants improperly ruled against him or that the private defendants unlawfully participated in the foreclosure actions. Wright also filed a petition to remove all three cases from Indiana state court to the federal district court.

The district court dismissed Wright's claims against the State of Indiana and the three judicial defendants because such claims were barred by the Eleventh Amendment and the doctrine of judicial immunity. The court also denied Wright's petition for removal and remanded the three state cases to the state courts. In addition, the court dismissed Wright's §§ 1985 and 1986 claims because he had failed to assert the existence of any racial or other class-based invidious discriminatory animus. Furthermore, the court found that Wright failed to allege sufficient facts to support charges of conspiracy or any other violation under § 1983. Alternatively, the court ruled that Wright's action was barred by the *Rooker–Feldman* doctrine, which forbids federal court review of state court judgments in the guise of collateral attacks. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303, 1316–17, 75 L.Ed.2d 206 (1983). Finally, the court imposed sanctions on Wright for disrupting the state foreclosure proceedings.

## II. ANALYSIS

On appeal, Wright has filed a brief in which he basically restates the general allegations raised in his complaint. He requests that this court reverse the district court and remand for further adjudication. Because Wright is proceeding *pro se*, we will liberally

construe his complaint. *Del Raine v. Williford*, 32 F.3d 1024, 1050 (7th Cir.1994).

## A. Jurisdiction

█ We must first examine whether the district court, as well as this court, have subject matter jurisdiction. That inquiry requires us to ask whether the *Rooker–Feldman* doctrine bars the litigation of this dispute in federal court. Under the *Rooker–Feldman* doctrine, the " 'lower federal courts lack jurisdiction to engage in appellate review of state-court determinations.' " *Ritter v. Ross*, 992 F.2d 750, 753 (7th Cir.1993) (citations omitted), *cert. denied,* —— U.S. ——, 114 S.Ct. 694, 126 L.Ed.2d 661 (1994). Litigants cannot file collateral attacks on state courts' civil judgments, *Gash Associates v. Village of Rosemont, Illinois*, 995 F.2d 726, 727 (7th Cir.1993); instead, they must seek review in the United States Supreme Court, *Landers Seed Co. v. Champaign Nat'l Bank*, 15 F.3d 729, 732 (7th Cir.1994) (citations omitted). A district court engages in impermissible review when it is asked to entertain a claim that was not argued in the state court but is "inextricably intertwined" with the state court judgment. *Ritter*, 992 F.2d at 753 (quoting *Feldman*, 460 U.S. at 483 n. 16, 103 S.Ct. at 1316 n. 16). While any definition of "inextricably intertwined" is problematic, the "crucial point is whether 'the district court is in essence being called upon to review the state-court decision.' " *Id.* at 754 (quoting *Feldman*, 460 U.S. at 483–84 n. 16, 103 S.Ct. at 1316 n. 16).

Here, application of the *Rooker–Feldman* doctrine requires dismissal of this action for lack of subject matter jurisdiction. Although Wright's complaint presented several constitutional—albeit conclusory—claims, those claims are inextricably intertwined with the various state court determinations handed down previously. In essence, Wright asked the federal district court to review the state court's denial of his requests to intervene in the foreclosure actions. Because the district court does not have authority to exercise such review, the complaint should have been dismissed for lack of subject matter jurisdic-

pointment of a Commissioner to execute Adkins' signature on quitclaim deeds pertaining to the

two properties awarded to Mrs. Wright in the property division.

tion. Wright " 'may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action.' " *Id.* (citations omitted). The merits of the state court's rulings are beyond the jurisdiction of the district court and this court. *Id.* at 755; *Leaf v. Supreme Court of Wisconsin,* 979 F.2d 589, 598 (7th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 2417, 124 L.Ed.2d 639 (1993). Any relief for Wright must come from the Indiana judicial system and not from us.

We conclude that both this court and the district court lack subject matter jurisdiction over Wright's case, and we vacate and remand with instructions to the district court to dismiss for lack of jurisdiction.

### B. Sanctions

■■■ Wright also challenges the Fed. R.Civ.P. 11 sanctions imposed on him for filing this action for an improper purpose. We review the imposition of Rule 11 sanctions for abuse of discretion. *Flaherty v. Gas Research Inst.,* 31 F.3d 451, 458 (7th Cir.1994).[2]

The district court sanctioned Wright on the basis that his pleadings were "bad faith attempts ... to delay and disrupt the state foreclosure proceedings." *Wright v. Tackett,* 92 C 38, slip op. at 12 (S.D.Ind. July 19, 1993) (order granting motions for summary judgment, imposing sanctions on plaintiff, and directing entry of judgment). The court added that Wright "didn't get his way and when faced with defeat sought to befoul everyone's interests by concocting this case." *Id.*

On appeal, Wright does not offer any arguments or explanations as to why we should overturn the sanctions. In the concluding paragraph of his brief, he asserts only that the sanctions should be set aside because they are "so obviously levied against him with much hostility and prejudice that Charles Wright is not responsible for." (Appellant's Br. at 15.) This lone assertion is insufficient to overcome the high threshold of

the abuse of discretion standard. *See City of East St. Louis v. Circuit Court for Twentieth Judicial Circuit, St. Clair County, Illinois,* 986 F.2d 1142, 1145 (7th Cir.1993). This record reveals that Wright's action was filed for no reason other than to delay the foreclosure proceedings.

The district court's imposition of sanctions under Fed.R.Civ.P. 11 is AFFIRMED, but the grant of summary judgment in favor of defendants is VACATED, and the case is REMANDED with instructions to dismiss for lack of subject matter jurisdiction. Wright will bear the costs of this appeal. Fed.R.App.P. 39.

---

**2.** Although Rule 11 was amended effective December 1, 1993, we apply the pre-amendment version here because Judge Dillin imposed sanctions in July 1993. *See Flaherty,* 31 F.3d at 458

n. 8; *Land v. Chicago Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Health & Welfare Fund,* 25 F.3d 509, 515–16 (7th Cir.1994).