53 F.3d 334
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Foyce S. WHITNEY, Plaintiff-Appellant,
v.
Michael SHEAHAN, Sheriff of Cook County, Illinois, et al.,
Defendants-Appellees.
 No. 93-3612.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 29, 1995.*
Decided April 26, 1995.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Appellant Foyce Whitney brought an action under 42 U.S.C. Sec. 1983 claiming the Cook County Sheriff[1] and his deputies (hereinafter the "Sheriff") violated appellant's due process rights by evicting him in compliance with a state court order. The district court concluded the claim was barred by the Eleventh Amendment and dismissed the action. We affirm.
 
 I. Background
 
 2
 Appellant's lease expired and he and his landlord could not come to terms regarding a new one. When appellant refused to vacate the apartment, the landlord brought a forcible entry and detainer action in the Circuit Court of Cook County. On June 21, 1990, the state court entered an order of possession in favor of the landlord, which appellant appealed on July 16, 1990.[2] Pursuant to the state court order, the Sheriff sent a notice to appellant on July 18, 1990 stating appellant must vacate his apartment or be evicted. The eviction order was ultimately executed on August 7, 1990, and appellant brought this action.
 
 II. Discussion
 
 3
 This court reviews the granting of a motion to dismiss de novo, and accepts all the well-pleaded allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff. City Nat. Bank of Fla. v. Checkers, Simon & Rosner, 32 F.3d 277, 281 (7th Cir.1994). This court, however, is not required to ignore facts set forth in the complaint that undermine the claim or to assign weight to unsupported conclusions of law. Id.
 
 
 4
 Appellant's claim against the Sheriff is barred by the Eleventh Amendment.[3] Federal Courts have no jurisdiction to decide suits for damages against state agencies or state officials in their official capacities unless the state has consented to the suit or the bar has been abrogated in a particular circumstance by Congress. Scott v. O'Grady, 975 F.2d 366, 369 (7th Cir.1992), cert. denied, 124 L.Ed.2d 643 (1993). See also Ruehman v. Sheahan, 34 F.3d 525, 527-28 (7th Cir.1994); Garcia v. City of Chicago, 24 F.3d 966, 969 (7th Cir.1994). County sheriffs and their deputies have dual roles; they act as county officials when performing their local law enforcement function, but they act as state officials when they execute the orders of the state courts. Scott, 975 F.2d at 371. See also, Ruehman, 34 F.3d at 528. The sheriffs and their deputies have a non-discretionary duty to execute state court orders, or face being found in contempt by the state court and sued for damages by the party who obtained the order. Scott, 975 F.2d at 371. This court has specifically held that sheriffs and their deputies act as state officials and are immune from suit when executing state court orders of eviction.[4] Scott, 975 F.2d at 371. See also Ruehman, 34 F.3d at 528.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Plaintiff-appellant has filed such a statement. Upon consideration of that statement the court has concluded that oral argument would not be helpful, and the appeal is submitted on the briefs and record
 
 
 [1]
 The appellant styled his action as being against the "Cook County Sheriff's Department". As the department is not a suable entity, the district court deemed the action to be against the Sheriff and his deputies in their official capacities. The appellant does not appear to have contested this conclusion on appeal
 
 
 [2]
 The record does not indicate the result of the state court appeal
 
 
 [3]
 While appellant's claims are somewhat difficult to follow, some appear to be directed to the propriety of the state court judgment. We have no authority to hear such claims. Pursuant to the Rooker-Feldman doctrine, neither the district court nor this court have jurisdiction to engage in appellate review of state court judgments. See generally Wright v. Tackett, 39 F.3d 155 (7th Cir.1994); Ritter v. Ross, 992 F.2d 750 (7th Cir.1992), cert. denied, 114 S.Ct. 694 (1994)
 
 
 [4]
 If appellant had intended to bring this action against the appellees in their individual capacities it would have failed for this same reason. "Non-judicial officials whose official duties have an intregal relationship with the judicial process are entitled to absolute immunity for their quasi-judicial conduct." Henry v. Farmer City State Bank, 808 F.2d 1228, 1238 (7th Cir.1986). This immunity extends to non-discretionary duties performed at the direction of a judge. Id. This court has held that county sheriffs and their deputies are entitled to such immunity when enforcing judgments. Id. at 1238-39