53 F.3d 333
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Kenneth M. DATKA, Plaintiff/Appellant,
v.
Honorable Robert J. KENNEDY, Circuit Court Judge, Walworth
County, personally and in his official capacity,
Defendant/Appellee.
 No. 94-1466.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 21, 1995.*
Decided May 3, 1995.
 
 Before Posner, Chief Judge, and Fairchild and Kanne, Circuit Judges.
 
 ORDER
 
 1
 Kenneth Datka appeals the district court's dismissal of his complaint, brought under 42 U.S.C. Sec. 1983. Fed. R. Civ. P. 12(b)(6). We affirm on other grounds.
 
 
 2
 A Wisconsin Circuit Court held a final divorce hearing on Kenneth Datka's divorce from Joy Datka on December 12, 1990. Kenneth Datka was ordered to pay $507.33 for child support in the final judgment, calculated under the child support percentage income guidelines. Wis. States. Ann. Sec. 767.25(1j). Apparently Datka had attempted to challenge the constitutionality of the Wisconsin statute at the time of the final hearing,[1] but was barred from doing so because he failed to give notice to the Wisconsin Attorney General. On appeal, the Wisconsin Appellate Court affirmed the support payments and summarily rejected Datka's constitutional arguments. The Wisconsin Supreme Court denied the petition for review.
 
 
 3
 Datka then filed suit in federal court, challenging the state court's actions and the statute's constitutionality. Datka named only the Honorable Robert J. Kennedy of the Circuit Court of Walworth County in his complaint. The district court dismissed the claims under Federal Rule of Civil Procedure 12(b)(6), finding that the claims were barred by res judicata. On appeal Datka argues that the state trial court erred in barring him from raising his constitutional challenges and in preventing him from making a record of the side-bar conference at the evidentiary hearing.
 
 
 4
 Under the Rooker-Feldman doctrine, "lower federal courts lack jurisdiction to engage in appellate review of state-court determinations." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 21 (1987) (Brennan, J. concurring) (citing Rooker v. Fidelity Trust Co.. 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983)). It is well settled that a federal plaintiff may not seek reversal of a state court judgment simply by casting his complaint in the form of a civil rights action. See Ritter v. Ross, 992 F.2d 750, 754 (7th Cir. 1993), cert. denied, 114 S. Ct. 694 (1994). Thus we must consider whether Datka's divorce proceeding in state court was a judicial proceeding, and whether Datka's claims before us are so inextricably intertwined with those state proceedings so as to make review of the claims an impermissible review of the state court proceeding. Leaf v. Supreme Court of Wisconsin, 979 F.2d 589, 598 (7th Cir. 1992), cert. denied, 113 S. Ct. 2417 (1993). Ultimately, we must decide whether "the federal plaintiff seek[s] to set aside a state judgment, or does he present some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party?" GASH Assoc. v. Village of Rosemont, 995 F.2d 726, 728 (7th Cir. 1993).
 
 
 5
 Taking Datka's claims together, that the state judge barred him from raising his constitutional challenges and denied him a record of the side-bar conference at the evidentiary hearing, we conclude that the district court did not have jurisdiction over these claims. First, both claims arose from the evidentiary hearing held by the state court to determine child support issues, clearly a judicial proceeding. Also, both claims are inextricably intertwined with those state proceedings. Ritter, 992 F.2d at 753 (the crucial point is whether the district court is being called upon to review the state court decision); see Wright v. Tackett, 39 F.3d 155 (7th Cir. 1994), cert. denied, 115 S. Ct. 1100 (1995).
 
 
 6
 To the extent that Datka makes a general challenge to the constitutionality of the Wisconsin statute, this claim also is barred. The Supreme Court held that a district court may preside over constitutional challenges to state court rules if such review does "not require review of a final state-court judgment in a particular case." Feldman, 460 U.S. at 486. However, the Feldman court noted that when
 
 
 7
 the constitutional claims presented to the U.S. district court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's [claim], then the district court is in essence being called upon to review the state-court decision. This the district court may not do.
 
 
 8
 460 U.S. at 483-484 n.16. Here, to review Datka's challenges to the Wisconsin child support statute would require the district court to upset the state court judgment. Furthermore, the Wisconsin appellate court explicitly, and the Wisconsin Supreme Court implicitly, rejected Datka's constitutional claims. Review could have been sought in the United States Supreme Court. See Landers Seed Co. v. Champaign Nat'l Bank, 15 F.3d 729 (7th Cir.), cert. denied, 115 S. Ct. 62 (1994).
 
 
 9
 We conclude that the district court lacked jurisdiction. Therefore, we MODIFY the district court's dismissal under 12(b)(6) and dismiss the claim for lack of jurisdiction under 12(b)(1).
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). The Appellee has filed such statement indicating that oral argument would be unnecessary. The appeal is submitted on the briefs and the record
 
 
 [1]
 Datka asserted that the statute violated the Fifth, Thirteenth and Fourteenth Amendments, the Constitution's prohibition against Bills of Attainder, and the Wisconsin State Constitution