**Marshall LEVIN, Plaintiff–Appellant,**

v.

**ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION OF the SUPREME COURT OF ILLINOIS and Mary Robinson, Administrator of the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois, Defendants–Appellees.**

No. 95–1951.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 29, 1995.

Decided Jan. 17, 1996.

Rehearing and Suggestion for Rehearing In Banc Denied Feb. 20, 1996.

Rosalyn B. Kaplan (argued), Attorney Registration & Disciplinary Com'n, Chicago, IL, for Defendants–Appellees.

Marshall A. Levin, Skokie, IL, pro se.

Before CUMMINGS, FLAUM, and MANION, Circuit Judges.

FLAUM, Circuit Judge.

The plaintiff, Marshall A. Levin, claims that the Attorney Registration and Disciplinary Commission of Illinois ("the ARDC") and Mary Robinson, the ARDC administrator, instituted unconstitutional proceedings to revoke his license to practice law. The plaintiff filed a § 1983 suit in federal court, alleging that the ARDC utilized various Illinois Supreme Court Rules in violation of the United States Constitution, and requesting declaratory, injunctive, and monetary relief. The district court dismissed all six counts of the plaintiff's complaint under Fed.R.Civ.P. 12(b), and the plaintiff appealed. Finding that the district court lacked subject-matter jurisdiction to entertain any of the plaintiff's claims, we affirm the district court's decision to dismiss the suit.

## I.

The pertinent facts in this appeal are not disputed. On March 26, 1993, Robinson filed a twelve count complaint before the Hearing Board of the ARDC, alleging that Levin violated the Illinois Supreme Court Rules and the Illinois Code of Professional Responsibility through various instances of fraudulent and unprofessional conduct. After holding a two-day trial the three-member panel of the Hearing Board recorded its report and recommendation on September 7, 1993. This report found that Robinson had proven all twelve counts of the complaint by clear and convincing evidence and recommended that Levin be disbarred.[1]

1. Illinois Supreme Court Rule 753 delineates the procedures that the Illinois Supreme Court follows for attorney disciplinary proceedings. The proceedings begin with an investigation by an Inquiry Board, which then may vote that a complaint be filed against the attorney with the Hearing Board. Once a complaint is filed with the Hearing Board, it conducts an evidentiary hearing, makes findings of fact and conclusions of fact and law, and proposes a recommendation regarding discipline. The attorney or the administrator may file exceptions to the report and recommendation of the Hearing Board with a Review Board, which approves or rejects the Hearing Board's report and recommendation. Either party may then petition the Supreme Court for leave to file exceptions to the report and recommendation of the Review Board. After the Illinois Supreme Court considers and rules on the petition, it enters a final order of discipline, unless it accepts the case for further consideration.

On November 1, 1993, Levin filed exceptions to the report and recommendation of the Hearing Board with the Review Board. He did not allege the unconstitutionality of any Supreme Court Rules before the Review Board. After briefing and oral argument, the Review Board filed its report and recommendation on August 25, 1994, which concurred with the Hearing Board that Levin should be disbarred.

On September 27, 1994, Levin filed a *pro se* motion for a supervisory order in the Illinois Supreme Court, pursuant to Illinois Supreme Court Rule 383.[2] In his motion, Levin alleged that Rule 764(b), which prohibits a disciplined attorney from occupying an office where the practice of law is conducted, violated the due process clauses of the United States and Illinois Constitutions. He also claimed that the ARDC's use in his disciplinary proceedings of the procedures embodied in the current Rule 753, which was adopted after the date of his alleged misconduct, violated his constitutional rights. Levin requested that the Illinois Supreme Court order the ARDC to conduct his disciplinary proceedings constitutionally. After reviewing Levin's motion and the ARDC's objections, the Illinois Supreme Court denied the motion for a supervisory order on October 28, 1994.

On September 29, 1994, while his motion for a supervisory order was pending, Levin petitioned the Illinois Supreme Court for leave to file exceptions to the Review Board's report and recommendation. However, Levin did not raise any constitutional arguments in his petition. On January 25, 1995, the Illinois Supreme Court denied the plaintiff's petition for leave to file exceptions, adopted the report and recommendation of the Review Board, and entered a final order disbarring Levin. Imposing reciprocal discipline, the United States District Court for the Northern District of Illinois has disbarred Levin retroactive to January 25, 1995.

All six counts of Levin's federal complaint allege that the disciplinary proceedings that were used to revoke his law license violated the United States Constitution. Seeking declaratory and injunctive relief, Counts I and II assert that the disciplinary proceedings violated Levin's due process and equal protection rights by forcing him to abandon his federal bankruptcy practice. Count III alleges that the application of Illinois Supreme Court Rules 753 and 764(b) to Levin's disciplinary proceedings violated the due process and *ex post facto* clauses of the Constitution. Count IV requests five million dollars in damages for the defendants' prosecution of Levin in the allegedly unconstitutional disciplinary proceedings. Count V contends that, given the unconstitutional disciplinary proceedings against Levin, the defendants' imposition of costs upon Levin for those proceedings is unconstitutional. Finally, Count VI asserts that the application of Illinois Supreme Court Rule 771 to Levin's disciplinary proceedings deprived Levin of equal protection by failing to provide clear guidelines on appropriate sanctions.

After Levin's disciplinary proceedings had been terminated, the defendants moved the district court to dismiss the complaint, arguing that the district court lacked subject-matter jurisdiction, *res judicata* barred Levin's claims, and the defendants were entitled to absolute immunity from the claim for damages. The district court ruled that, under the *Rooker–Feldman* doctrine, it lacked subject-matter jurisdiction over Counts I, II, III, and V because similar claims were raised before the Illinois Supreme Court in Levin's Rule 383 motion. However, the district court took jurisdiction over Count VI on the ground that Levin did not raise this claim before the Illinois Supreme Court. The court also addressed the merits of Count IV without referencing *Rooker–Feldman*, apparently as a result of the ARDC's decision not to argue that the district court lacked jurisdiction over this count. After reaching the merits, the district court dismissed Count IV on absolute immunity grounds and held that Count VI was barred by *res judicata*.

**2.** Rule 383 provides that "[a] motion requesting the exercise of the Supreme Court's supervisory authority shall be supported by explanatory suggestions and shall contain or have attached to it the lower court records or other pertinent material that will fully present the issues...." Il. Sup.Ct.R. 383(a) (1995).

## II.

We must first examine whether the district court had subject-matter jurisdiction to decide this case. Subject-matter jurisdiction cannot be waived and may be contested by a party or raised *sua sponte* at any point in the proceedings. *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir.1994). The *Rooker–Feldman* doctrine dictates that federal district courts lack jurisdiction to review decisions of state courts. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S.Ct. 1303, 1311, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923). This limitation on federal court jurisdiction stems from 28 U.S.C. § 1257, which provides "[f]inal judgments ... rendered by the highest court of a state ... may be reviewed by the Supreme Court...." *Feldman* construed this statute as preventing any federal court except the Supreme Court from reviewing final judgments of state courts. 460 U.S. at 476, 103 S.Ct. at 1311. A litigant cannot obtain collateral review of a state court judgment in federal district court absent specific congressional authorization. *See, e.g.,* 28 U.S.C. § 2241 (habeas corpus).

The Supreme Court in *Feldman* clarified what constitutes impermissible appellate review by distinguishing between general challenges to state bar rules and challenges to specific decisions of state courts:

> United States district courts ... have subject-matter jurisdiction over general challenges to state bar rules, promulgated by state courts in nonjudicial proceedings, which do not require review of a final state-court judgment in a particular case. They do not have jurisdiction, however, over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.

460 U.S. at 486, 103 S.Ct. at 1317. The claims raised in district court need not have been argued in the state judicial proceeding for them to be barred by the *Rooker–Feldman* doctrine. *Feldman*, 460 U.S. at 483–84 n. 16, 103 S.Ct. at 1315–16 n. 16. *Wright v.*

*Tackett*, 39 F.3d 155, 157 (7th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1100, 130 L.Ed.2d 1067 (1995); *Ritter v. Ross*, 992 F.2d 750, 753 (7th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 694, 126 L.Ed.2d 661 (1994). A district court engages in impermissible appellate review when it hears claims that are "inextricably intertwined" with the state court decision. *Feldman*, 460 U.S. at 483–84 n. 16, 103 S.Ct. at 1315–16 n. 16; *Wright*, 39 F.3d at 157. Along those lines, we have distinguished between plaintiffs who claim their injuries are directly attributable to an erroneous state court decision and plaintiffs who claim injury independent of any state court judgment. *See Nesses v. Shepard*, 68 F.3d 1003, 1005 (7th Cir.1995); *Homola v. McNamara*, 59 F.3d 647, 650 (7th Cir.1995); *GASH Associates v. Village of Rosemont*, 995 F.2d 726, 728 (7th Cir.1993). We have also held that claims for relief are barred by *Rooker–Feldman* if upholding the claims and granting relief would effectively void the state court ruling. *Landers Seed Co. v. Champaign Nat'l Bank*, 15 F.3d 729, 732 (7th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 62, 130 L.Ed.2d 20 (1994). However the question is framed, the underlying inquiry remains whether "the district court is in essence being called upon to review the state-court decision." *Feldman*, 460 U.S. at 483–84 n. 16, 103 S.Ct. at 1315–16 n. 16.

We have previously held that Illinois attorney disciplinary proceedings are judicial in nature. *Greening v. Moran*, 953 F.2d 301, 304 (7th Cir.1992), *cert. denied*, 506 U.S. 824, 113 S.Ct. 77, 121 L.Ed.2d 42 (1992); *Grossgold v. Supreme Court of Illinois*, 557 F.2d 122, 125 (7th Cir.1977). Indeed, Levin concedes that his disbarment involved judicial proceedings. Levin argues, however, that his federal claims are not "inextricably intertwined" with his disciplinary proceedings because he only raised his constitutional claims before the Illinois Supreme Court in his motion for a supervisory order, which he contends was not a judicial proceeding. Although we question the validity of Levin's contention that the Illinois Supreme Court's supervisory authority is not a judicial power, the procedural devices employed by Levin need not concern us. The fact that Levin

raised his constitutional claims in a Rule 383 motion rather than through Rule 753's disciplinary procedures cannot be dispositive, given that claims brought in federal court may be "inextricably intertwined" with a state court decision despite never having been raised in state court. *See Feldman,* 460 U.S. at 483–84 n. 16, 103 S.Ct. at 1315–16 n. 16; *Wright,* 39 F.3d at 157; *Ritter,* 992 F.2d at 753. We must examine whether Levin has effectively asked the district court to review the Illinois Supreme Court's judgment to disbar him.

We read all six counts of Levin's complaint as requesting the district court to review the Illinois Supreme Court's decision to disbar Levin. The gravamen of Levin's entire complaint is that his disciplinary proceedings were unconstitutional. All of Levin's claimed injuries stem from the application of allegedly unconstitutional Illinois Supreme Court Rules to his disciplinary proceedings, and he seeks relief to redress these particular injuries. Indeed, in his reply brief, Levin admits that his complaint is founded upon the fact that "the [disciplinary] hearings proceeded on, and punished on, unconstitutional rules and usage." [3] Levin fails to allege any injury independent of the Illinois Supreme Court's disciplinary hearings and its final decision to disbar him. Levin has thereby impermissibly attacked the Illinois Supreme Court's judgment itself in federal district court. [4] *See GASH Associates,* 995 F.2d at 728. Indeed, we have previously held that claims very similar to Levin's were blocked from consideration by the *Rooker–Feldman* doctrine. *Leaf v. Supreme Court of Wisconsin,* 979 F.2d 589, 598–600 (7th Cir.1992) (holding district court lacked jurisdiction over claims

that disciplinary proceeding applied unconstitutional state bar rules and disciplinary board improperly investigated and prosecuted plaintiff), *cert. denied,* 508 U.S. 941, 113 S.Ct. 2417, 124 L.Ed.2d 639 (1993). Because Levin does not present general challenges to the Illinois Supreme Court Rules, but rather contests his disciplinary proceedings, his claims are "inextricably intertwined" with the Illinois Supreme Court's decision to disbar him. *See Feldman,* 460 U.S. at 486–87, 103 S.Ct. at 1316–17. The district court therefore lacked subject-matter jurisdiction over the complaint.

Even if we strained to read the complaint as posing only general challenges to the Illinois Supreme Court Rules, such general challenges would have been mooted by Levin's disbarment. If his disbarment stands, Levin would no longer have a personal stake in a general declaration that the Illinois bar rules, which only apply to lawyers, are unconstitutional.[5] Because Levin could not establish more than a hypothetical possibility that the Illinois bar rules would be applied to him in the future, any general challenges that he presented would not be justiciable under Article III of the Constitution. *See City of Los Angeles v. Lyons,* 461 U.S. 95, 105, 103 S.Ct. 1660, 1667, 75 L.Ed.2d 675 (1983); *Geraghty,* 445 U.S. at 396, 100 S.Ct. at 1208; *Harris v. Board of Governors of Fed. Reserve Sys.,* 938 F.2d 720, 721 (7th Cir.1991). Levin can only demonstrate a personal stake in the constitutionality of the bar rules by attacking his disbarment. Thus, the justiciability of Levin's complaint depends entirely on the allegations that his disciplinary proceedings injured him. This

**3.** Revealingly, Levin's federal complaint contains similar claims to those found in his Rule 383 motion, which clearly requested that the Illinois Supreme Court review Levin's disciplinary proceedings.

**4.** Although Count IV of Levin's complaint seeks damages for the ARDC's allegedly unlawful prosecution of him, this claim is merely another way to contest his disciplinary proceedings and the Illinois Supreme Court's decision to disbar him. As such, this claim is barred by *Rooker–Feldman. See Homola,* 59 F.3d at 651 (holding district court lacked jurisdiction over claim seeking damages for execution of inspection order); *Landers Seed Co.,* 15 F.3d at 732 (holding district court

lacked jurisdiction over claim seeking damages for property federal plaintiff had surrendered because of state court judgment).

**5.** We may conceptualize the mootness doctrine as " 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).' " *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 397, 100 S.Ct. 1202, 1209, 63 L.Ed.2d 479 (1980) (quoting Monaghan, *Constitutional Adjudication: The Who and When,* 82 Yale L.J. 1363, 1384 (1973)).

reinforces our conclusion that Levin's claims are "inextricably intertwined" with the Illinois Supreme Court's decision. *Landers,* 15 F.3d at 732; *GASH Associates,* 995 F.2d at 728; *Facio v. Jones,* 929 F.2d 541, 543 (10th Cir.1991).

### III.

The district court dismissed four counts of the complaint on jurisdictional grounds, but reached the merits of the remaining two counts. As stated in the preceding analysis, the district court lacked jurisdiction over all six counts of the plaintiff's complaint. The district court's judgment is therefore modified to make the dismissal of the complaint solely jurisdictional, and as so modified is AFFIRMED.

