98 F.3d 1343
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul E. WABEKE, Plaintiff-Appellant,
v.
Andrew J. MULDER; Calvin L. Bosman, Judge, Defendants-Appellees.
 No. 95-2099.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1996.
 
 1
 Before: KENNEDY, DAUGHTREY, and WEIS,* Circuit Judges.
 
 ORDER
 
 2
 This pro se Michigan litigant appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. §§ 1983 & 1988. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Paul E. Wabeke sued the City Attorney for the City of Holland, Michigan (Andrew J. Mulder) and the Circuit Court Judge for Ottawa County, Michigan (Calvin L. Bosman) in their individual and official capacities. Wabeke claimed that the defendants conspired to deprive him of due process of law in his state court suit against the city of Holland.
 
 
 4
 The district court granted defendants' motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6) and denied Wabeke's motion for summary judgment. Wabeke appeals that judgment.
 
 
 5
 In his timely appeal, Wabeke reasserts the claim he set forth in the district court. In addition, an anonymous author moves to submit an amicus curiae brief, and Wabeke moves for sanctions and costs against defense counsel Douglas Van Essen.
 
 
 6
 Wabeke's claims are barred by the Rooker-Feldman doctrine. Federal courts do not have the authority to review final judgments of the state courts. Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983). Indeed, federal courts lack jurisdiction to engage in appellate review of state court determinations. United States v. Owens, 54 F.3d 271, 274 (6th Cir.1995); Ritter v. Ross, 992 F.2d 750, 753 (7th Cir.1993), cert. denied, 510 U.S. 1046 (1994). A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States. Feldman, 460 U.S. at 476. A district court engages in impermissible review when it is asked to entertain a claim that was not argued in the state court but is nonetheless "inextricably intertwined" with the state court judgment. Wright v. Tackett, 39 F.3d 155, 157 (7th Cir.1994) (citing Ritter, 992 F.2d at 753). Wabeke's claims are inextricably intertwined with the state court judgment.
 
 
 7
 Accordingly, we deny the motion by an anonymous author to submit an amicus curiae brief, deny Wabeke's motion for sanctions and costs, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph F. Weis, Jr., Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation