129 F.3d 119
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Reza FOROOHAR, Plaintiff-Appellant,
v.
SUPREME COURT OF THE STATE OF ILLINOIS, the Appellate Court
of Illinois, First Judicial District--First Division,
Richard H. Jorzak, Benjamin S. Mackoff, Aubrey F. Kaplan,
Richard Kelly, Daniel Pascale, Nancy Salyers, Judicial
Inquiry Board, Attorney Registration and Disciplinary
Commission, Irvin Jacobson, and James Jacobson, Defendants-Appellees.
 No. 97-2323.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 16, 1997.*
Decided Oct. 16, 1997.
Rehearing Denied Nov. 14, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.
 Before COFFEY, EASTERBROOK, and KANNE, Circuit Judges.
 O R D E R
 GETTLEMAN, Judge.
 
 
 1
 Reza Foroohar appeals the district court's sua sponte dismissal of his complaint. We affirm.
 
 
 2
 Foroohar's appellate brief, like his complaint in the district court, is a morass of claims that all of the judges involved in hearing his lengthy divorce-related proceedings in the Circuit Court of Cook County, as well as his ex-wife's lawyers, the Appellate Court of Illinois, the Supreme Court of the State of Illinois, the Judicial Inquiry Board and the Attorney Registration and Disciplinary Commission, were biased against him and conspired to deprive him of a fair hearing. The defendants assert that federal review of these claims is barred by the Rooker-Feldman doctrine. Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983). The doctrine recognizes that federal district and appellate courts have no subject matter jurisdiction to review the civil judgments of state courts.
 
 
 3
 The Rooker-Feldman doctrine applies here and prevents our consideration of Foroohar's claims. Although Foroohar's complaint alleges due process claims, those claims are inextricably intertwined with the state court orders related to his divorce proceedings. Foroohar's claims of bias and procedural unfairness stem from his belief that the judges must have been biased because they issued orders to which he objects. Such claims must be dismissed for lack of subject matter jurisdiction under the Rooker-Feldman doctrine. See Wright v. Tackett, 39 F.3d 155 (7th Cir.1994). The judgment of the district court is
 
 
 4
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)