**Michael GORZELANCZYK,**
**Plaintiff–Appellant,**

**v.**

**Mary BALDASSONE and Richard A. Devine, State's Attorney for Cook County, Illinois, Defendants–Appellees.**

**No. 01–3012.**

United States Court of Appeals,
Seventh Circuit.

Submitted March 7, 2002 *.

Decided March 7, 2002.

---

\* Because there is no appellee to be served in this appeal, the appeal has been submitted without the filing of a brief by the appellee. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. *See* Fed. R.App. P. 34(a)(2).

Before Hon. COFFEY, Hon. MANION, Hon. WILLIAMS, Circuit Judges.

## ORDER

An Illinois court ordered Michael Gorzelanczyk to pay child support to Mary Baldassone because he failed to rebut an Illinois statutory presumption that he was the father of her minor child. In 1997 Gorzelanczyk was jailed after the state court found him in contempt for willfully refusing to pay, and in August 2000 Baldassone again began contempt proceedings based on Gorzelanczyk's alleged further refusal to pay. Gorzelanczyk then sued Baldassone and the state's attorney of Cook County, Illinois, under 42 U.S.C. § 1983, alleging that they violated his due process rights under the Fifth and Fourteenth Amendments because the state court never declared a parent-child relationship or conducted a hearing to issue a temporary child support order. The district court dismissed the case sua sponte, concluding that it was barred under the *Rooker–Feldman* doctrine and that the state's attorney enjoyed prosecutorial immunity. The district court denied Gorzelanczyk's motion to reconsider, and he appeals. For the reasons stated below, we affirm.

Federal district courts do not have subject-matter jurisdiction to review state court decisions. *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Furthermore, the *Rooker–Feldman* doctrine extends to claims that are "inextricably intertwined with the state-court judgment [such that] the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring); *Edwards v. Ill. Bd. of Admissions to the Bar*, 261 F.3d 723, 729 (7th Cir.2001). The pivotal question, then, is "whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Rizzo v. Sheahan*, 266 F.3d 705, 713 (7th Cir.2001) (quotation marks and citation omitted).

Gorzelanczyk contends that the *Rooker–Feldman* doctrine does not bar his claim because he is not challenging the child support order, but rather the "original" contempt order (and any future contempt orders) enforcing the child support order. But even though Gorzelanczyk labels his lawsuit as a § 1983 action alleging due process violations, his real injury is the child support order, not any alleged denial of due process. *See Young v. Murphy*, 90 F.3d 1225, 1231 (7th Cir.1996) (concluding that *Rooker–Feldman* barred plaintiff's claims because plaintiff's injury was the state judgment of incompetency rather than a denial of due process); *see also T.W. v. Brophy*, 124 F.3d 893, 898 (7th Cir.1997) (applying *Rooker–Feldman* to child custody decision). Had Gorzelanczyk prevailed regarding the child support, despite the alleged due process errors, "he would have had no injury and no constitutional claim to bring before the district court." *Id; see also GASH Assoc. v. Village of Rosemont*, 995 F.2d 726, 729 (1993) ("*Rooker–Feldman* ... bar[s] ... litigation ... where the plaintiff's injury stem[s]

from the state judgment—an erroneous judgment, perhaps, entered after procedures said to be unconstitutional, but a judgment nonetheless.") Moreover, had the district court determined that the state court ordered Gorzelanczyk to pay child support without due process of law, the result would have been to declare the child support order (and any resulting contempt order) invalid as unconstitutionally obtained. That is precisely what *Rooker–Feldman* forbids. Therefore, the district court did not have subject-matter jurisdiction, and we need not decide whether the state's attorney enjoyed prosecutorial immunity. *See Wright v. Tackett,* 39 F.3d 155, 157–58 (7th Cir.1994) (concluding that *Rooker–Feldman* analysis of subject-matter jurisdiction precedes analysis of substantive issues, including immunity defense).

AFFIRMED.