# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

August 3, 2004

Before

Hon. Richard D. Cudahy, Circuit Judge

Hon. John L. Coffey, Circuit Judge

Hon. Ilana Diamond Rovner, Circuit Judge

| | | |
|---|---|---|
| MARIETTA TAYLOR, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appeal from the United States District Court |
| | ) | for the Northern District of Indiana, |
| | ) | Hammond Division |
| No. 03-3320 | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 02-C-382 |
| FEDERAL NATIONAL | ) | |
| MORTGAGE ASSOCIATION, | ) | **Hon. Philip P. Simon**, Judge |
| WATERFIELD MORTGAGE | ) | |
| COMPANY, and BURKE, | ) | |
| COSTANZA & CUPPY, LLP, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

**ORDER**

On consideration of the petition of appellants for rehearing with suggestion for rehearing *en banc* filed July 15, 2004, in the above-captioned case, no member of the court requested a vote on the en banc request, and all of the judges on the panel have voted to deny a rehearing.

Therefore, the petition for rehearing with suggestion for rehearing en banc is DENIED.

The opinion previously issued in this case is amended as follows: The paragraph running on pages 6-7 of the slip opinion is deleted and is replaced with the following two paragraphs:

Both of Taylor's claimed federal statutory violations, on the other hand, allow for money damages. *See* 15 U.S.C. § 1691e(a)-(b) (allowing civil actions under the ECOA for actual and punitive damages); 42 U.S.C. § 1985(3) (a party claiming a conspiracy to deprive her of civil rights "may have an action for the recovery of damages, occasioned by such injury or deprivation"). While recovery of her home is not available through these claims for the same reason her fraud claim is barred, the monetary damages Taylor claims are compensatory damages in the amount of the value of her home plus 10% interest per annum and punitive damages. The fact that Taylor is claiming compensatory damages in the amount of the value of her home (plus interest) demonstrates that her asserted injury is the loss of her home due to the Defendants' conspiracy to deprive her of her home, not an independent injury arising from acts of the Defendants.[2] This bars her § 1985 claim. *See Brokaw*, 305 F.3d at 667 (noting, in discussing *Long*, 182 F.3d at 557, that since "absent the eviction order, Long would not have suffered the injuries for which she now seeks to be compensated," her due process claims appeared to be barred under *Rooker-Feldman*); *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 557 (7th Cir. 1999) ("[A] litigant may not attempt to circumvent the effect of Rooker-Feldman and seek a reversal of a state court judgment simply by casting the complaint in the form of a civil rights action."); *Wright v. Tackett*, 39 F.3d 155, 157 (7th Cir. 1994) (finding in factually similar case that constitutional claims were inextricably intertwined with state court's denial of plaintiff's request to intervene in foreclosure action).

As for Taylor's ECOA claim, it is distinguishable from the situations in which we have allowed plaintiffs to proceed with federal claims because the asserted violations were "independent of and complete prior to the entry" of the challenged state order. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 556 (7th Cir. 1999). Here, Taylor characterizes her case as "[f]undamentally . . . an action for extrinsic fraud and fraud on a court" (Taylor's Br. at 6) and her claimed ECOA violation as an element of her fraud claim (i.e., as a defense to the foreclosure).[3] Her injuries arose not from an independent violation of her rights but from the extrinsic fraud upon the state court and intentional deprivation of her property that

---

[2]If, as a hypothetical example, attorney's fees were wrongfully added to the balance Taylor owed on her mortgage in violation of the ECOA, and if, when her home was sold at foreclosure, the attorney's fees were withheld from any balance owed to her, then she might have an independent claim for money damages in the amount of the wrongfully imposed attorney's fees. But she does not claim any such wrongful action or other independent injury.

[3]*See, e.g.*, Taylor's Br. at 4-5 (ECOA and § 1985 violations constituted the "fraud, accident or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense"; Taylor's Reply Br. at 6 ("Taylor contends that the operative 'fraud' constitutes a violation of the [ECOA] and 42 U.S.C. § 1985."); Taylor's Short Appx. at 12 ("[D]efendant's (sic) . . . knew they were intentionally, as part of a conspiracy, combination and agreement[,] acting to deprive the plaintiff of her property, violating the Equal Credit Opportunity Act.").

she claims occurred due to that violation.  Moreover, as an element of her claim of fraud upon the state court, her ECOA violation is inextricably intertwined with the determination of her fraud claim and is likewise barred by *Rooker-Feldman*.