Aleksandra CICHOWSKI and Cezary Cichowski, Plaintiffs,

v.

Fred D. HOLLENBECK; Tom Casey; Sauk County; Judge Guy Reynolds and Judge James Evenson; Donna Mueller; Carrie Wastlick; Gene Wiegand; Brant Bailey; Curan Hollenbeck and Orton, S.C.; Wayne Maffei; Jenks Cross Mercer and Maffei Law Firm; M & I Bank; Dave Gutter; Mark L. Krueger; the Bank of Mauston; Robert Fait; Tom Schmidt; Kelly Honnold; and Scot Schmidt, Defendants.

No. 05–C–262C.

United States District Court, W.D. Wisconsin.

Nov. 7, 2005.

Aleksandra Cichowski, pro se.

Cezary Cichowski, pro se.

Thomas J. Casey, Attorney at Law, Mauston, WI, Daniel G. Jardine, Jardine Law Office, David C. Rice, Assistant Attorney General, Madison, WI, for Defendants.

Wayne L. Maffei, Cross, Jenks, Mercer & Maffei, Baraboo, WI, pro se.

Mark L. Krueger, Greenhalgh & Krueger, S.C., Baraboo, WI, pro se.

## OPINION AND ORDER

CRABB, District Judge.

Defendants Guy Reynolds and James Evenson were the presiding judges in two civil matters involving plaintiffs Aleksandra Cichowski and Cezary Cichowski in Sauk County circuit court, in Wisconsin. Plaintiffs contend that on several occasions during the course of the two lawsuits, beginning in 2002, defendants violated their rights under the First, Fourth, Seventh and Fourteenth Amendments and violated section 60.04 of the rules of the Supreme Court of Wisconsin.

This case is before the court on a motion to dismiss by defendants Reynolds and Evenson, who contend that they cannot be sued because they are protected by judicial

immunity, the Eleventh Amendment and the Rooker–Feldman doctrine.

For the sole purpose of deciding this motion, I accept as true the allegations in the complaint.

## ALLEGATIONS OF FACT

### A. *Parties*

Plaintiff Aleksandra Cichowski is a resident of Onalaska, Wisconsin. Plaintiff Cezary Cichowski is a resident of Wisconsin Dells, Wisconsin.

Defendants Guy Reynolds and James Evenson are judges in the Sauk County circuit court.

### B. *Background*

The present lawsuit stems from two prior lawsuits in Saulk County circuit court: (1) *Joseph Lucarz, et. al. v. Cezary Cichowski*, Case No.2002CV0031; and (2) *Aleksandra Cichowski, et. al. v. The Bank of Mauston, et. al.*, Case No.2003CV0338. Defendant Reynolds was the presiding judge in *Lucarz v. Cichowski* and defendant Evenson was the presiding judge in *Cichowski v. The Bank of Mauston.*

During the course of presiding over these two cases, defendants treated plaintiffs unfairly because plaintiffs were unrepresented by counsel and because of their low socioeconomic status.

### C. *Defendant Reynolds*

Defendant Reynolds presided over *Lucarz v. Cichowski*, which involved plaintiff Cezary Cichowski but not plaintiff Aleksandra Cichowski. (In this section "C" I will use the term "plaintiff" in the singular to refer to Cezary Cichowski.)

During the course of *Lucarz v. Cichowski*, defendant Reynolds denied plaintiff's request for a copy of court transcripts and his motions to compel discovery. Defendant Reynolds allowed attorney Krueger, who represented Lucarz, to raise his voice at plaintiff and to call him a liar in open court.

Besides repeatedly telling plaintiff to get a lawyer, defendant Reynolds ordered plaintiff to pay inappropriate court costs, including Lucarz's translation costs. Meanwhile, defendant Reynolds refused to provide a translator for plaintiff even though Lucarz, who had lived in the United States ten years longer, had a translator. Defendant Reynolds stalled progress in the case by scheduling unnecessary hearings and he repeatedly denied plaintiff Aleksandra Cichowski's motions to intervene as a party in the lawsuit. He also issued an order to remove a lien that had been placed on Lucarz's property in plaintiff's favor.

At one hearing, defendant Reynolds ordered plaintiff to see a doctor immediately and undergo drug testing and then return to the court within forty minutes. Although plaintiff was told he would have to pay for the drug test, defendant Reynolds never explained to plaintiff what the purpose of the drug test was.

Defendant Reynolds failed to grant plaintiff's motion for summary judgment because of his personal connections to the opposing party and his attorney. Before he became a judge in Sauk County, defendant Reynolds practiced at a law firm with attorney Krueger. Additionally, plaintiff believes that Lucarz was a former client of defendant Reynolds's. Defendant Reynolds should have recused himself from the case but refused to do so. He later reversed the jury's verdict in favor of plaintiff Cezary Cichowski without proper explanation.

### D. *Defendant Evenson*

Defendant Evenson knew that defendant Reynolds was treating plaintiffs unfairly in the *Lucarz v. Cichowski* matter but refused to intervene and remedy the situation.

Defendant Evenson also treated plaintiffs unfairly when he presided over *Ci-*

*chowski v. The Bank of Mauston.* Plaintiffs brought a fraud claim against the Bank of Mauston, but defendant Evenson found that their claim was not correctly pled, declared their complaint frivolous and ordered them to pay court costs. He did this to intimidate plaintiffs and discourage them from accusing the bank of fraud.

Defendant Evenson denied plaintiffs the right to introduce exhibits and to subpoena witnesses. He also consistently ruled against plaintiffs in their discovery requests, which helped conceal the opposing party's conspiracy against plaintiffs.

Plaintiffs felt threatened by the staff in the clerk's office at the Sauk County circuit court, who repeatedly treated them poorly. One particular clerk displayed a sign which read: "ashes of our difficult clients." Plaintiffs complained to defendant Evenson that they felt threatened but he failed to do anything about it.

Eventually, defendant Evenson dismissed the case *Cichowski v. The Bank of Mauston* even though by the time of the dismissal he no longer had jurisdiction over the case because it had been appealed.

## DISCUSSION

Plaintiffs seek declaratory judgment against respondents Evenson and Reynolds. In particular, plaintiffs seek a statement from this court that pro se litigants have the same rights in court as litigants who are represented by counsel, regardless of the pro se litigant's nationality, ability to speak English or socioeconomic status.

Plaintiffs contend that during the course of the Sauk County cases defendants took advantage of them because they were unrepresented. Plaintiffs contend that defendants violated plaintiffs' Fourteenth Amendment rights to equal protection by giving them unfavorable treatment such as

denying their discovery requests, not allowing them to present exhibits and witnesses and failing to grant them summary judgment. Also, plaintiffs contend that defendant Reynolds violated plaintiff Cezary Cichowski's Fourth Amendment rights when he ordered Cezary Cichowski to undergo drug testing and violated plaintiff Cezary Cichowski's First Amendment rights when he refused to provide him with an interpreter. Last, plaintiffs allege that defendant Reynolds violated their Seventh Amendment right to trial by jury when he reversed the jury's verdict.

■ Defendants Reynolds and Evenson argue that plaintiffs cannot sue them for these alleged constitutional violations for three reasons. The first two reasons, judicial immunity and Eleventh Amendment immunity, are not relevant to this lawsuit because they shield judges from being sued for damages; in this case plaintiffs have requested only declaratory judgment. It is defendants's third reason, the *Rooker–Feldman* doctrine, that poses a jurisdictional impediment to this case.

■ The *Rooker–Feldman* doctrine provides that beyond the limited authority to examine state judicial proceedings pursuant to habeas corpus review of certain custodial situations, *see, e.g.,* 28 U.S.C. § 2241, district courts have no authority to review the proceedings or final judgments of state courts. *Young v. Murphy,* 90 F.3d 1225, 1230 (7th Cir.1996) (citing *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)).

■ This court lacks jurisdiction over plaintiffs' claim that defendants treated them inequitably because they were unrepresented by counsel. Plaintiffs contend that defendants denied them fair process and issued incorrect judgments in their state court cases. In *Rooker v. Fidelity*

*Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206, the United States Supreme Court held that federal district courts lack jurisdiction to entertain appeals of the decisions of a state's highest court. The *Rooker–Feldman* doctrine has been extended to apply to decisions of lower state courts. *See, e.g., Ritter v. Ross,* 992 F.2d 750 (7th Cir.1993); *Keene Corp. v. Cass,* 908 F.2d 293 (8th Cir.1990). Under the doctrine, a litigant may not obtain review of a state court judgment merely by recasting it as a civil rights action. Litigants who believe a state proceeding has violated their constitutional rights must appeal that decision through their state courts and ultimately to the United States Supreme Court. *Garry v. Geils,* 82 F.3d 1362, 1368 (7th Cir.1996) (citing *Wright v. Tackett,* 39 F.3d 155, 157–58 (7th Cir.1994)). This court is barred from reviewing the final judgments issued by defendants.

 The *Rooker–Feldman* doctrine bars federal courts not only from reviewing the final judgments of state courts but also from reviewing the proceedings leading to state court judgments. *Young,* 90 F.3d at 1230. Where the injury alleged by the federal plaintiff was caused by the state court judgment, as in the present case, the *Rooker–Feldman* doctrine is implicated and the federal district court lacks jurisdiction. *Id.* at 1231 (citing *Garry,* 82 F.3d 1362). On the other hand, if the federal claim concerns a prior injury that a state court failed to remedy, there would not be a jurisdictional problem under the *Rooker–Feldman* doctrine (although there might be a jurisdiction problem under the doctrine of res judicata). *Garry,* 82 F.3d at 1367. Plaintiffs' allegation is that the state court proceedings violated their constitutional rights. This is precisely the type of injury this court lacks jurisdiction to address.

 Also, plaintiffs contend that defendants violated section 60.04 of the rules of the Supreme Court of Wisconsin. Because this court lacks jurisdiction over plaintiffs's purported federal claim against defendants I cannot exercise supplemental jurisdiction over plaintiffs' state law claim. In any event, this claim fails to state a cause of action because litigants cannot sue a judge for failure to abide by the rules of the state supreme court. The preamble to the rules states:

> The Code is designed to provide guidance to judges and candidates for judicial office and to provide a structure for regulating conduct through disciplinary agencies. It is not designed or intended as a basis for civil liability or criminal prosecution.

Therefore, defendant Reynolds and Evenson's motion to dismiss will be granted.

### ORDER

IT IS ORDERED that defendant Reynolds and Evenson's motion to dismiss is GRANTED. Defendants Reynolds and Evenson are no longer parties to this suit.